MARY E. BARRETT, APPELLANT, *v.* XARIFA J. FAILING, RESPONDENT.

RES ADJUDICATA.—The judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the issue, whether formally litigated or not.

IDEM—PAROL EVIDENCE NOT ADMISSIBLE TO SHOW THAT QUESTION WAS WITHDRAWN.—In a suit or proceeding to recover property or its value when the plea of a former adjudication is interposed by the defendant, the plaintiff will not be permitted to offer parol evidence to show that an issue made by the pleadings in the former suit was withdrawn from the consideration of a referee before whom it was tried.

APPEAL from Multnomah County. The facts are stated in the opinion.

*O. P. Mason and W. Scott Beebe,* for appellant.

*Wm. Strong & Sons,* for respondent.

By the Court, KELLY, C. J.:

On the eighteenth day of February, 1871, Mary E. Barrett, the above-named appellant, recovered a judgment against Charles Barrett in the circuit court of the state, for the county of Multnomah, in the sum of five thousand nine hundred and twenty-one dollars and thirty-two cents and forty-six dollars and thirty cents costs. The foundation of the action was a decree for alimony in a divorce case prosecuted in the state of California wherein the said Mary E. obtained a divorce from the said Charles Barrett.

On the first of November, 1873, Charles Barrett died, leaving the judgment entirely unsatisfied, but at the time of his death there was pending against him and Xarifa J. Failing, then Barrett, a suit in equity to set aside as fraudulent a certain conveyance of real property and a sale of personal property—the same that is in question in this proceeding. The result of that suit was the securing of a payment on the judgment of three thousand and sixty-four dollars and forty-seven cents on the first day of May, 1876. On the tenth of August, 1878, the appellant obtained leave to issue an execution on the judgment for seven thousand three hundred and thirty-five dollars and sixty-seven cents, that being the

amount then due.   Execution was issued on the judgment
against Charles Barrett, who was then dead; upon which a
garnishee process was served on X. J. Failing, the respond-
ent, on the thirteenth of August, 1878, in accordance with
the provisions of sections 308 and 309 of the civil code.
Written allegations and interrogatories were filed by the
plaintiff, which the garnishee was required to answer by an
order of the judge of the circuit court.   Among these alle-
gations, the principal one charged that on or about the ——
day of November, 1870, the said Charles Barrett, with the
intent to delay, cheat, and defraud his creditors, particu-
larly the plaintiff, and to prevent her from collecting her
said judgment, transferred and delivered to the said Xarifa
J. Failing, at the city of Portland, all his property, to wit,
the said goods and chattels, fixtures, etc., known as the
Barrett bookstore, worth fifteen thousand dollars, and that
she received the possession thereof with full knowledge of
all the facts herein stated.

On the fifth day of December, 1878, the garnishee, X. J.
Failing, filed her answer denying all the allegations of fraud,
and averring that the property so received by her from
Charles Barrett was of no greater value than three thousand
dollars, and that she received and paid for the same in good
faith.   She then, for a further answer, alleged that on the
second day of June, 1871, the said plaintiff commenced a
suit in the circuit court for Multnomah county against the
said Charles Barrett and this garnishee, in which suit the
plaintiff sought to set aside the same sale and transfer of
personal property which is set forth in the plaintiff's allega-
tions in these proceedings; that she asked in substance and
effect that the sale and transfer of the personal property
known as the Barrett bookstore, etc., from the said Charles
Barrett to this garnishee, on the fourteenth day of Septem-
ber, 1870 (described herein as of about the —— day of
November, 1870), might be declared fraudulent and void
as against her, and that the garnishee be decreed to account
for all the said property; that she, the said garnishee, an-
swered the said complaint, and it was made one of the issues
in the said suit in equity, whether or not the said transfer

of personal property to this garnishee was fraudulent and void, and whether or not the said plaintiff was entitled to have the said property or its proceeds applied to the payment of the said judgment against Charles Barrett.

The garnishee then alleges that the said suit was referred by the circuit court to E. C. Bronaugh, who was appointed a referee to take testimony; that the referee took the testimony upon all the issues in said suit in relation to the sale and transfer of the said Barrett bookstore, and on the twenty-second of September, 1873, made his report thereon to the effect that the sale and delivery of the said personal property to this garnishee, on the fourteenth of September, 1870, was not fraudulent and void, and that this report, so far as it relates to the personal property, was not excepted to, and on the eighth day of June, 1874, the said circuit court adjudged and decreed that the findings of said referee, in reference to the said personal property, should in all things be confirmed.

The plaintiff (appellant), on December 17, 1878, filed a reply, and on January 25, 1879, an amended reply, in which, among other things, she makes a denial substantially as follows: "And in reply to the further and separate answer of the said Xarifa J. Failing, to wit, the allegations of a former adjudication of the subject-matter of this proceeding, this plaintiff alleges that it is not true that the subject-matter of this proceeding was, in the suit commenced on the second day of June, 1871, or at any other time, adjudicated in any manner, and that there was not, at any time during the pendency of said suit, any evidence offered or taken by said referee, or introduced by either party to said suit, of the subject-matter in this proceeding, to wit, the said bookstore; denies that any evidence was introduced before or received by said referee, at any time, relating to the transfer, sale, or delivery of the subject-matter of this proceeding, to wit, the bookstore in controversy, or the rights of the garnishee; denies that the referee passed on the same, and alleges that, long before the finding of said referee therein, and before any trial thereof, this plaintiff, by her attorney, expressly and without objection

from either of the defendants therein, and with the consent of said Xarifa J. Failing and her attorney, abandoned and withdrew from said suit all claim to personal property, which is the subject-matter of these proceedings, and no objection was made to the withdrawal by said Xarifa J. Failing (the garnishee herein) or her attorneys; denies that the referee passed upon or found any fact or law upon the matter herein sought to be litigated in said suit, or in any suit; denies that on the twenty-second of September, 1873, or at any time, the said referee made or filed any finding of fact or conclusion of law to the effect that said sale of personal property was not fraudulent and void; and denies that the circuit court at any time rendered any decree that the finding of the referee in reference to the personal property described herein should be or was confirmed, adjudged, or passed upon."

There are other defenses interposed by the garnishee, but it is unnecessary to present or consider them, as the view we take of the defense of a former adjudication disposes of this proceeding.

Upon filing the reply, the respondent, by her counsel, moved the court for judgment and decree upon the pleadings, and that the proceedings against the garnishee be dismissed; which motion was sustained by the court, and a decree entered accordingly.

From the answer filed in this case, it appears that on the fourteenth day of September, 1870, a suit in equity was commenced by the appellant, Mary E. Barrett, against Charles Barrett, and Xarifa J. Failing, the respondent herein, to set aside the sale of certain property, including the Barrett bookstore, made by Charles Barrett to the respondent, because the same was made to defraud the creditors of said Charles Barrett. An answer was made in that suit by the respondent, denying the fraudulent sale. It is not denied by the appellant that the suit was concerning the subject-matter of this proceeding. Nor is it denied that the issue presented by the pleadings in that case was the same in regard to the Barrett bookstore as that now presented for consideration in this proceeding. The appel-

lant, in her reply, alleges that so far as the Barrett book-store was concerned, the same was expressly withdrawn by her attorney from the consideration of the referee appointed in the suit in equity; that no evidence was offered or received before the said referee in regard to this issue made by the pleadings in that suit; that it was withdrawn from the consideration of the referee without objection from either of the defendants, and with the consent of the said Xarifa J. Failing, and that her attorney in that suit abandoned and withdrew from the said suit all claim to the personal property which is the subject-matter of this proceeding; that there was no finding by the referee or decree made by the court in regard to the matter now in controversy in this proceeding.

These matters set forth in the reply can not be considered as any defense to the allegation of a former adjudication set up in the answer, because it does not appear that the withdrawal of the litigation concerning the bookstore from the consideration of the referee was entered upon the record, or made a matter of record in the suit in equity. It is well settled that parol evidence can not be admitted to show that any issue presented by the pleadings in a former action or suit was withdrawn from the consideration of the court. The rule is that the judgment of a court of competent jurisdiction is not only conclusive on all questions not actually and formally litigated, but as to all questions within the issue, whether formally litigated or not. (*Bellinger* v. *Croigne*, 31 Barb. 537.)

In the case of *Davis* v. *Talcott* (12 N. Y. 184), where the defendant, in his answer, alleged that the matter in controversy had been adjudicated in a former action, and the plaintiff replied, alleging " that on the trial of the former action, the defendant therein withdrew from the consideration of the referee before whom it was tried, the matters alleged in the complaint in the second suit, and that the same did not pass into or form any part of the judgment rendered in that action," it was held by the court of appeals that the plaintiff could not be permitted to prove that on the trial of the former suit, before the referee, no

evidence was offered or introduced, on the part of the defendant in that action, to prove or establish the claim for damages set up by way of recoupment in the answer therein, but that, on the contrary, the defendant in that suit, on the trial thereof, expressly withdrew from the consideration of the referee the whole and every part of such claim. Gardiner, C. J., delivering the opinion of the court, said: "The learned judge who tried this cause erred in determining that the judgment in the first suit between these parties was not a bar to the present action, and in permitting the legal effect of the record to be explained or qualified by parol evidence of what then occurred before the referee."

In the case of *Underwood* v. *French* (6 Or. 66), where the plaintiff sought to recover damages for the breach of a contract, and the plea of a former adjudication was interposed by the defendant, it was held by this court that where it appeared, from an inspection of the record in the former action, that the same cause of action was presented in the former suit, and an issue joined thereon, the whole must be considered as *res adjudicata*, and that parol evidence would not be permitted to show that an issue joined by the pleadings was not tried by the evidence. This rule is applicable to suits in equity, as well as to actions at law. (1 Johns. Cas. 492.)

According to the law, as declared in these cases, if this proceeding were now before the circuit court for trial upon the issues presented in the pleadings, the appellant would not be permitted to offer any evidence outside of the record itself to prove the allegations in her reply as to the withdrawal of the matters now in litigation from the consideration of the referee, and necessarily the matters herein sought to be litigated would have to be considered as *res adjudicata*.

Under the views herein taken, it becomes unnecessary to consider the other assignments of error. The decree of the court below is affirmed.