Argued 24 December, 1901; decided 20 January, 1902.

## SCHLOSSER v. BEEMER.

[67 Pac. 299.]

JUDGMENTS—COLLATERAL ATTACK ON ATTACHMENT RECORD.

1. The judgment of a court of superior jurisdiction against a nonresident, based on a service of summons by publication, cannot be collaterally attacked for irregularities or defects in the attachment proceedings connected therewith, where such proceedings are not by statute made jurisdictional, unless the record affirmatively shows a want of jurisdiction; as, for example, where realty of a nonresident was attached, the summons was served by publication, the defendant appeared specially by a motion to vacate the attachment for certain defects in the return, and the court overruled the motion and entered a judgment for plaintiff, in pursuance of which the land was sold, the judgment is conclusive as to the sufficiency of the attachment in a suit to quiet title between adverse claimants of such land under an execution sale on such judgment and under a deed from the attachment debtor: *Bank of Colfax* v. *Richardson,* 34 Or. 518, approved and applied.

CERTIFICATE OF ATTACHMENT—EFFECT OF ERROR IN RECORDING.

2. Under Hill's Ann. Laws, § 151, the lien of an attachment depends on the date of the filing of the certificate, and a clerical mistake of the clerk, in recording it, in substituting the name of one county for another in the title of the cause, will not defeat the lien.

From Linn: REUBEN P. BOISE, Judge.

Suit by Peter Schlosser against Emily Beemer to quiet the title to certain land. The facts are stated in the opinion. There was a decree for plaintiff, from which defendant appeals. AFFIRMED.

For appellant there was a brief over the names of *H. C. Watson* and *L. L. Swan,* with an oral argument by *Mr. Watson.*

For respondent there was a brief over the names of *Kelly & Curl* and *Hewitt & Sox,* with an oral argument by *Messrs. Percy R. Kelly* and *Henry H. Hewitt.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to determine an adverse claim to real estate. The land in controversy consists of two separate tracts, one described as the "northeast quarter of section 34," and the

other as the "east half of the northwest quarter, and the east half of the southwest quarter, of section 35, township one south, range four east of the Willamette Meridian." The Santiam River runs through both tracts, leaving fifteen acres of the first and thirty of the second in Marion County. Both parties deraign title through T. H. De Cew,—the plaintiff by a sheriff's deed, executed in pursuance of a sale made under an execution issued on a judgment recovered by him against De Cew in the circuit court for Linn County, on July 24, 1897; and the defendant by a deed direct from De Cew, dated in May of the same year, but after the property had been attached in the action mentioned. The only question on this appeal is the validity of the judgment through which the plaintiff deraigns his title.

De Cew was a nonresident, and service of summons was had on him by publication. At the time the action was begun, writs of attachment were issued to the sheriffs of Linn and Marion counties for service. On April 12 the sheriff of Linn County returned the writ issued to him, with his certificate annexed that by virtue thereof "I did, on the twelfth day of April, A. D. 1897, at the instance of the above-named plaintiff, attach the following described real property of the within-named defendant, T. H. De Cew, to wit [describing all of the N. E. ¼ of section 34 in Linn County]; also all that part of the east ½ of the N. W. ¼, and the east ½ of the S. W. ¼, of Sec. 35, in Tp. 9 S., R. 4 E. of the W. M., Oregon, which lies south of the North Fork of the Santiam River, in Linn County, Oregon,—by posting in a conspicuous place upon said premises a full, true, and correct copy of the original writ of attachment issued in the above-entitled cause, and certified to by me as such sheriff; there being no occupant living upon the above-described land." On the fifteenth of the same month a certificate of such attachment was filed by him in the office of the county clerk of Linn County, and by such clerk properly recorded. On April 12 the writ of attachment issued to the sheriff of Marion County was also returned, with the certificate of the officer annexed that by virtue thereof "I did, on the

twelfth day of April, 1897, at the hour of 11:30 o'clock a. m. of said day attach the following described property as the property of the above-named defendant found in my county, to wit, all that part of sections 34 and 35, township 9 south, range 4 east, Willamette Meridian, lying north of the Santiam River, in Marion County, State of Oregon, by posting a true copy thereof, prepared and certified to by me as sheriff, in a conspicuous place thereon; there being no one in possession of said real property or residing thereon.'' On the fourteenth a certificate of such attachment was filed with the county clerk of Marion County, but by mistake in recording it the clerk substituted the word ''Marion'' for ''Linn'' in the title of the cause. Thereafter service of summons was had upon the defendant in the action by publication, and in June he appeared specially by his counsel, and moved to dissolve and vacate the attachments on the ground that the property sought to be attached consisted of several distinct tracts, and the returns of the officers failed to show that a copy of the writs of attachment had been left in a conspicuous place on each of the tracts, and because the returns were insufficient in other particulars pointed out. The motion was overruled, and a judgment entered by default against the defendant, in which it is recited that ''on April 12, 1897, the hereinafter described real property [being the property in controversy in this suit] of the defendant was duly and regularly attached by virtue of writs of attachment duly issued out of this court in this action.''

1. The contention of the defendant in the present suit is that the judgment referred to against De Cew and in favor of the plaintiff is void, because no property of the defendant was legally attached before the order for publication of the summons was made, and this contention is based on the theory that the returns of the officers do not show affirmatively that a copy of the writ was left or posted in a conspicuous place on each separate tract of land attempted to be seized. This question was presented to and passed upon by the court rendering the judgment, and its conclusion cannot be questioned collaterally. The returns may be, and perhaps are, indefinite

. and incomplete; but they do not show that the property was not attached.  Their sufficiency was adjudicated by the court rendering the judgment, and, as we understand the law, ''the judgment of a superior court against a nonresident cannot be attacked collaterally for any defect in the attachment proceedings, where such proceedings are not by statute made jurisdictional, unless the record affirmatively shows a want of jurisdiction'': *Bank of Colfax* v. *Richardson,* 34 Or. 518, 527 (54 Pac. 359, 362, 75 Am. St. Rep. 664).  The doctrine to be applied to judgments like the one involved here was considered at length and with care in the case quoted from, and the principles there announced are conclusive here.

2. Under the statute the lien of an attachment depends upon the date of the filing of the certificate [Hill's Ann. Laws, § 151; *Dickson* v. *Back,* 32 Or. 217 (51 Pac. 727)], and a mere clerical error by the clerk in copying it into the record will not defeat the lien.

The decree will therefore be affirmed.          AFFIRMED.