Argued at Pendleton May 9, affirmed September 17, 1929.

# FIRST NATIONAL BANK OF BURNS *v.* STARR BUCKLAND ET Ux.

(280 Pac. 331.)

For appellant there was a brief and oral arguments by *Mr. J. W. Biggs* and *Mr. C. H. Leonard.*

For respondents there was a brief over the name of *Mr. C. B. McConnell,* with an oral argument by *Mr. Chas. W. Ellis.*

RAND, J.—This is a suit to set aside a deed. The defendants pleaded former adjudication. The court sustained the plea and plaintiff has appealed.

The facts are as follows: On and prior to December 9, 1921, Starr Buckland, the husband of defendant Mattie Buckland, was the owner of 160 acres of land in Harney County and also of a house and two lots in Crane and owed a large sum of money to the First National Bank of Burns, credit for which he had partly obtained by reason of his said ownership, he having enumerated said property from time to time in his statement of assets to the bank. On said day Buckland conveyed to his wife by separate deeds the 160 acres of land and the house and two lots. Shortly thereafter the bank reduced its claim against Buckland to judgment, execution was issued thereon and an attempted levy on both of said properties was made thereunder by the sheriff. Thereupon Mattie Buckland, claiming to be the owner thereof, brought suit against the bank and the sheriff to quiet title to the 160 acres of land. In her complaint she alleged that the land had been conveyed to her by her husband; that she had paid a valuable consideration

therefor and was the owner and in possession of it at and before the rendition of the judgment against her husband and that the land was not subject to the lien of the judgment; that defendants had wrongfully levied upon the land and were threatening to sell the same under said execution, and prayed that the sheriff and the bank be enjoined and restrained from levying upon or selling the land under said execution and that the land be decreed to be not subject to the lien of the judgment. She also alleged that she was at the time residing upon the land with her family, occupying the same as a homestead and that she had given notice in writing to the sheriff that she was claiming the property as a homestead. Defendants answered and alleged ''that prior to the 9th day of December, 1921, the said Starr Buckland was the owner of and in possession of'' the land, describing it, and denied that he conveyed the same to his wife or that she was the owner of it; admitted the rendition of the judgment, the issuance of the execution and the levy on the land and affirmatively alleged ''that the judgment mentioned herein is a good, valid and subsisting lien against the lands herein described, and that the said Starr Buckland for many years last past has been, and now is the owner of said lands,'' and prayed that plaintiff's complaint be dismissed and that they recover their costs and disbursements in the suit.

That cause was tried upon the issue stated and from the evidence offered upon the trial the court found that the land had been conveyed by warranty deed by Starr Buckland to Mattie Buckland and the deed duly recorded; that the defendants were threatening to sell the land under the bank's judgment and

that the suit was instituted for the purpose of enjoining the defendants from selling the land, and, in the language of the court, "from enforcing said judgment against and out of said real estate and premises." Based upon these findings the court concluded as a matter of law "that the equities are with the plaintiff"; that the deed was sufficient in form to operate as a conveyance of the land and the recording of it was notice of plaintiff's claim; that plaintiff was entitled to a decree enjoining the defendants, "their agents, attorneys, successors or employees" from attempting to sell the land under the execution, and then, as to a matter not in issue under the pleadings, said: "but is not entitled to any judgment or decree passing upon the fraud, if any, in the execution of said deed." Based upon these findings and conclusions of law the trial court entered a decree enjoining the defendants from selling or disposing of the land under or by virtue of the execution then in the hands of the sheriff. No appeal was taken from said decree and it is now in full force and effect.

After the determination of that suit this suit was commenced by the bank seeking to have the same conveyance of the same lands decreed to be fraudulent and void as against the same judgment of the bank that was involved in the former suit, and as a defense thereto the defendants have pleaded the proceedings and decree in the former suit as a bar to the prosecution of this suit, and from a decree sustaining such plea the bank has appealed.

The contention of the bank is that since the question of whether the conveyance from Buckland to his wife of the lands was made in fraud of the bank was not in issue or passed upon in the former suit, there has been no judicial determination of that question

and hence it claims the bank is not estopped from prosecuting this suit by the decree rendered in the former suit.

In *Cromwell* v. *Sac County,* 94 U. S. 351 (24 L. Ed. 195), Mr. Justice FIELD said:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example; a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, can-

not again be brought into litigation between the parties in proceedings at law, upon any ground whatever.

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined  Only upon such matters is the judgment conclusive in another action."

We have quoted thus extensively from the opinion of Mr. Justice FIELD because of its clearness in stating the law applicable under the facts of this case and also because it has been followed and applied by this court in numerous cases and has become the settled law of the state: *Neil* v. *Tolman,* 12 Or. 289 (7 Pac. 103); *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442); *Applegate* v. *Dowell,* 15 Or. 513 (16 Pac. 651); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *La Follett* v. *Mitchell,* 42 Or. 463 (69 Pac. 916, 95 Am. St. Rep. 780); *Ruckman* v. *Union Ry. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480); *Taylor* v. *Taylor,* 54 Or. 560 (103 Pac. 524); *Carroll* v. *McLaren,* 60 Or. 233 (118 Pac. 1034); *Campbell's Gas Burner Co.* v. *Hammer,* 78 Or. 612 (153 Pac. 475); *Matlock* v. *Matlock,* 86 Or. 78 (167 Pac. 311); *Runnells* v. *Leffel,* 105 Or. 346 (207 Pac. 867).

In *White* v. *Ladd, supra,* Mr. Justice WOLVERTON said:

"The potency of a judgment as an estoppel concludes every fact necessary to uphold it, and extends,

not only to matters actually determined, but to every other matter which the parties might have litigated and have had decided as incident to and essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to the matters of claim and defense, and a default judgment, or one confessed, is attended with the same legal consequences, as there exist no tenable grounds of distinction between a title confessed and one tried and determined: *Barrett* v. *Failing*, 8 Or. 152; *Neil* v. *Tolman*, 12 Or. 289 (17 Pac. 103); *Glenn* v. *Savage*, 14 Or. 567 (13 Pac. 442); *Harris* v. *Harris*, 36 Barb. 88; *Hanson* v. *Manley*, 72 Iowa, 48 (33 N. W. 357); *Hobby* v. *Bunch*, 83 Ga. 1 (10 S. E. 113, 20 Am. St. Rep. 301); *Cromwell* v. *Sac County*, 94 U. S. 351 (24 L. Ed. 195). This applies where a subsequent action is sought to be maintained upon the same claim or demand. But if the second action is upon a different claim the former judgment will only operate as an estoppel against the matters actually litigated, or as to facts distinctly in issue in that action: *Applegate* v. *Dowell*, 15 Or. 513 (16 Pac. 651); *Cromwell* v. *Sac County, supra.*"

In *La Follett* v. *Mitchell, supra,* Mr. Justice BEAN said:

"There is no dispute under the authorities as to the rule of law that an issue once determined in a court of competent jurisdiction cannot be again litigated between the same parties. But there is a difference, sometimes overlooked, between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the former case the judgment, if upon the merits, is an absolute bar, and concludes the parties and their privies, not only as to every matter that was actually litigated, but as to any other that might

have been litigated. Where, however, the action, although between the same parties, is upon a different claim or demand, the judgment in the prior action operates as a bar or estoppel only as to those matters directly in issue, and not those collaterally litigated.''

In *Ruckman* v. *Union Railway Co., supra,* Mr. Justice BEAN said:

''It is settled law in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (*Neil* v. *Tolman,* 12 Or. 289, 7 Pac. 103; *Morrill* v. *Morrill,* 20 Or. 96, 25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155; *Belle* v. *Brown,* 37 Or. 588, 61 Pac. 1024; *White* v. *Ladd,* 41 Or. 324, 68 Pac. 739, 93 Am. St. Rep. 732), but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against matters actually litigated or questions directly in issue in the former action: *Barrett* v. *Failing,* 8 Or. 152; *Applegate* v. *Dowell,* 15 Or. 513 (16 Pac. 651); *La Follett* v. *Mitchell,* 42 Or..465 (69 Pac. 916, 95 Am. St. Rep. 780); *Caseday* v. *Lindstrom,* 44 Or. 309 (75 Pac. 222); *Gentry* v. *Pacific Livestock Co.,* 45 Or. 233 (77 Pac. 115). This distinction should always be kept in mind in considering the effect of a former judgment or decree. If the second action or defense is upon the same claim or demand, the former judgment is a bar not only as to matters actually determined, but such as could have been litigated; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue. * * The law requires a party to try his whole suit or action at one time, and he cannot separate his claim or divide his grounds of recovery or defense.''

■ Here we have a former suit which was tried on the merits and between the same parties; for it makes no difference that Young, the sheriff, a defendant in the former suit, is not a party to this suit.

"To make a former judgment conclusive between the parties in another suit, in relation to the same matter, it is necessary that the former suit should have been between the same parties. But the fact that there were other defendants in the former suit, who are also bound by the decision, and estopped from controverting the same fact, does not render the former decision any the less conclusive against any one of the defendants therein." Herman, Estoppel and Res Judicata, § 104.

■ The fact that Buckland himself was not a party to the former suit, although a defendant in this, is of no importance. According to the complaint in that suit he had no interest in the subject matter of the litigation and from the answer it appears that the bank was not seeking a personal judgment or decree against him. Whether or not he participated with his wife in the perpetration of the fraud, as claimed by the bank, yet the bank was being sued by the wife to to quiet title to the land which it now claims she acquired by fraud. If the conveyance was fraudulent the defense could have been made by the bank as well in his absence as if he were a party to the suit; hence, he was not a necessary, much less an indispensable, party to the litigation. The decree therefore is as conclusive upon the bank as it would be if he had been a party to the suit.

■ The primary right which the bank is seeking to have enforced in this suit is to have its judgment against Buckland decreed to be a lien upon the land and this it seeks to accomplish by obtaining a decree

that Buckland's conveyance to his wife was fraudulent and therefore void as to the bank. To accomplish this the court must find that Mrs. Buckland's title to the land is no title at all because acquired in fraud of Buckland's creditors. If such were the case it would be her primary duty to submit the land to the lien of the judgment and her failure or refusal to do so is the wrong which the bank complains of. Now these matters were all passed upon, or could have been passed upon, in the former suit. In that suit Mrs. Buckland claimed to be the absolute owner of the land by virtue of the conveyance of it to her by her husband and that since she was the owner of the land at the time the judgment against Buckland was rendered, it was not and could not be a lien against the land. Her complaint was that the bank was claiming the land to be Buckland's and was proceeding to sell it in satisfaction of its judgment, the very thing which the bank is trying to have done in this suit. Although the court in that suit made no finding upon the question of fraud, the decree in effect held, for otherwise the court would have had no authority to enter it, that Mrs. Buckland was the lawful owner of the land; that the land was not subject to the lien of the judgment because of her ownership thereof and that the levy of execution thereon was wrongful because of her said ownership. If it had been true then, as now claimed by the bank, that the conveyance from Buckland to his wife was fraudulent and void as against the bank, that would have been a complete and perfect defense against Mrs. Buckland in that suit, and if that defense had been made and sustained, the decree in the suit would never have been entered. The sole object of that suit was to obtain a decree decreeing that the judgment was

not a lien against her land, while the sole object of this suit is to obtain a decree holding that it is a lien upon the land. The bank's cause of suit in this suit and the defense which it should have made in the former suit are identical and therefore that suit was a former adjudication upon this particular point, namely, that the judgment is not a lien upon the land; hence, that decree is conclusive upon that question. See *Patterson* v. *Wold*, 33 Fed. 791.

In *Gust* v. *Edwards Co.*, 129 Or. 409 (274 Pac. 919), plaintiff sought to recover damages for the wrongful taking and detention by defendant in a former replevin action of certain personal property belonging to her. In that action she alleged ownership of the property and demanded judgment for its return without seeking to obtain damages for the wrongful taking and detention thereof. Later she commenced another action to recover such damages and it was held that the damages claimed in the later action arose out of the wrongful taking and detention of the property and could have been litigated in the former action, and not having been so litigated the former judgment operated as a bar to the prosecution of the second action. In that case, as in this, the two actions were between the same parties and upon the same claim or demand. The plaintiff there, as defendant in the former action, sought to recover a part only of what she was entitled to recover for the wrongful act about which she was complaining and attempted to recover in a later action upon a demand for damages which she claimed she had sustained and which, if sustained, she should have set up in the former action.

In this case the bank, when sued, should have set up all of the defenses it then had and, having

failed to do so, it is barred from setting them up now. As said by Mr. Justice LORD in *Neil* v. *Tolman, supra:*

"The judgment is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected with the subject-matter of the litigation, within the purview of the original action, either as a matter of claim or defense."

In the same case the court said:

" 'It is for the public good,' says Mr. Broom, 'that there be an end of litigation; and if there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatam,* and the judgment remains therein in full force and unreversed, the original cause of action is merged and gone forever.' "

We are therefore compelled to hold that the decree in the former suit is a bar to the prosecution of this suit.

Decree affirmed.                    AFFIRMED.

McBRIDE, BEAN and ROSSMAN, JJ., concur.