Argued March 8; reversed March 22, 1938

ASSOCIATED OIL COMPANY *v.* EDGERTON ET AL.

(77 P. (2d) 416)

Department 2.

*T. S. McKinney*, of Lakeview, for appellant.

*Forrest E. Cooper*, of Lakeview (Hodges & Gay, of Portland, on the brief), for respondent.

RAND, J. On March 21, 1935, the Associated Oil Company, as plaintiff, brought action in the circuit court for Lake county against the defendants, A. L. Edgerton, Heinie Hertager, Chris Bertelsen and Jens E. Edwardson, as copartners doing business under the firm name and style of Edgerton Lumber Company, to recover the sum of $553.80 claimed to be due and owing to the plaintiff on an open account for certain petroleum products sold and delivered to the defendants between June 6 and July 21, 1934, and obtained judgment against said defendants in said action for the sum of $226.87 with interest thereon and costs.

Notwithstanding said former adjudication, the plaintiff, on May 9, 1936, commenced another action in said court and against the same defendants to recover the balance of said account, amounting to the sum of $326.93, and obtained judgment against Edgerton, who alone had been served with process or had appeared in the latter action, for the sum of $306.90. From this judgment, Edgerton has appealed.

In his answer to the complaint in the present action, the defendant Edgerton pleaded as a bar to the subsequent action the former adjudication and attached to said answer as exhibits the complaint, the answer, the

reply, the verdict and the judgment entered in the former action. The plaintiff demurred to said answer on the ground that it did not state facts sufficient to constitute a defense to the present action. The demurrer was sustained and the cause was then tried to a jury and plaintiff had verdict and judgment as above stated.

In the action first brought, the plaintiff set up in its complaint an itemized statement of its account and this included all the items for which it recovered judgment in that action and all those for which no recovery was had. In its complaint in the present action, the plaintiff set up an itemized statement of the account sued on and this included each and every item which was set up in the itemized account in the first complaint for which no recovery was had in the first action. These items as to the dates of sale, the articles sold and the prices charged therefor are identical with those contained in the first complaint. From this it will be seen that in the former action the plaintiff sought without success to recover for the very items for which it is now suing.

In the first action the defendants were sued as copartners upon an alleged partnership liability while in the present action the same defendants are sued for money had and received, it being contended that these goods were bought by the defendants for the benefit of one Benefiel and that, in settling with Benefiel, the defendants had deducted from the amount they were then owing him the amount now sought to be recovered in the present action. The question, therefore, in the first action was: Were the defendants liable for all the goods claimed to have been sold and delivered to the defendants, and it was adjudicated in that action that the defendants were liable for a part only and not liable for the remainder which is now being sued for.

■■ It is wholly immaterial for the purposes of this case whether the defendants bought the goods for the purpose of resale to Benefiel or, after the purchase thereof, resold them to him and were paid therefor, since, in either event, the defendants would be liable for the purchase price. This was an adjudication by a court of competent jurisdiction, having jurisdiction of the parties and of the subject matter, that the defendants were not liable to the plaintiff either as copartners or individually for any of the items of plaintiff's account which the plaintiff is now seeking to recover. And this judgment was a final judgment from which no appeal was taken and, therefore, is conclusive upon all the parties to that action and estops plaintiff from now contending that the defendants are liable to the plaintiff for any of the goods the price of which is now sought to be recovered in the present action.

■ Nor is the fact that the defendants were first sued as copartners and later as individuals of any importance for, if they had contracted for the purchase of these goods as copartners, then each member of the firm would be liable individually for the payment of the purchase price: *Benbow v. The James Johns,* 56 Or. 554, 563 (108 P. 634). And plaintiff would have been entitled to a joint judgment against all of them: *North Pacific Lumber Co. v. Spore,* 44 Or. 462, 476 (75 P. 890). For, as said in *Wallace v. Baisley,* 22 Or. 572 (30 P. 432):

"That allegation (of partnership) might have been stricken from the complaint, and a good cause of action would have remained."

And, as said by Van Fleet in his work on Former Adjudication, vol. 2, p. 738:

"A judgment that the parties were not partners in a transaction, is no evidence that they did not act jointly."

So, in this case, it is wholly immaterial, so far as the liability of the defendants is concerned, whether they contracted as copartners or jointly as individuals. Nor is the fact that the causes of action, as stated in the former and subsequent actions, are different in form—the first being to recover for goods sold and delivered, the latter for money had and received—of any importance since the plaintiff is now seeking to recover for that part of the same claim and demand for which it sought to recover but failed in the former action. It is the cause of action itself, and not the form in which the subsequent action is brought, that determines whether the doctrine of res adjudicata applies for that doctrine always applies where the parties are the same and a subsequent action is sought to be maintained upon the same claim or demand: *White v. Ladd*, 41 Or. 324 (68 P. 739, 93 Am. St. Rep. 732). It is a rule "Uniformly and inflexibly maintained", said the court in *Pomeroy v. Prescott*, 106 Me. 401 (76 Atl. 898, 138 Am. St. Rep. 347, 21 Ann. Cas. 574), "that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand."

"It is settled law in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (Neil v. Tolman, 12 Or. 289, 7 P. 103; Morrill v. Morrill, 20 Or. 96, 25 P. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155; Belle v. Brown, 37 Or. 588, 61 P. 1024; White v. Ladd, 41 Or. 324, 68 P. 739, 93 Am. St. Rep. 732), but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against

matters actually litigated or questions directly in issue in the former action: [citing authorities]." *Ruckman v. Union Railway Co.*, 45 Or. 578 (78 P. 748, 69 L. R. A. 480).

"To make a former judgment conclusive between the parties in another suit, in relation to the same matter, it is necessary that the former suit should have been between the same parties." Herman, Estoppel and Res Judicata, sec. 104.

See *First National Bank of Burns v. Buckland*, 130 Or. 364, 371, 372 (280 P. 331), and the authorities there cited.

Again, as said in *Abel v. Mack*, 131 Or. 586, 594 (283 P. 8):

"The courts universally hold that a judgment or decree of a court of record is conclusive of every fact necessary to uphold it, of all matters actually determined, and, further, of all other matters which the parties might have litigated and settled as incident to and necessarily connected with the subject-matter of the litigation, as either claim or defense, and this rule applies to both trials and defaults: White v. Ladd, 41 Or. 324, 68 P. 739; 34 C. J. 909, section 1322."

■ This case, therefore, is controlled by the rule announced in *Yuen Suey v. Fleshman*, 65 Or. 606, 615 (133 P. 803, 806, Ann. Cas. 1915A, 1072), that "a judgment or a decree upon the merits is a bar to a subsequent action or suit between the same parties, upon the same claim as to every matter that was, or might have been litigated".

We, therefore, hold that the claim sued on in the instant case is res adjudicata and that the plaintiff is thereby concluded by the judgment rendered in the former action. The judgment, therefore, is reversed.

BEAN, C. J., and BAILEY and LUSK, JJ., concur.