Argued at Pendleton, October 28; affirmed December 17, 1929; rehearing denied January 21, 1930

## H. S. ABEL *v.* THOMAS MACK

(283 Pac. 8)

For appellant there was a brief over the name of *Messrs. Hubbard & Godwin* with an oral argument by *Mr. C. T. Godwin.*

For respondent there was a brief over the name of *Messrs. Nichols, Hallock & Donald* with an oral argument by *Mr. Blaine Hallock.*

HAMILTON, Acting J. There is but one question submitted to this court for decision. The recital by plaintiff shows that in the proceedings for determination of the water rights of defendant a decree so grant-

ing to defendant the use of the waters in question was rendered on March 18, 1918. It is, in substance, alleged by the plaintiff that the defendant had not used the waters so granted unto him since the year 1908, and that the act of the defendant in interfering with the use thereof by the plaintiff was in 1922. It is the contention of plaintiff that, inasmuch as defendant had not exercised his right for a period of five years, there had been a forfeiture thereof and thereby it became abandoned and lost to the defendant. Plaintiff bases his claim upon the provision of § 5776, O. L., which is designated as the "Time Within Which Water Right may be Lost by Failure to Use Water Appropriated." This section reads as follows:

"Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state, and whenever hereafter the owner of a perfected and developed water right shall cease or fail to use the water appropriated, for a period of five successive years, the right to use shall thereupon cease, and such failure to use shall be conclusively presumed to be an abandonment of such water right, and thereafter the water which was the subject of use under such water right shall revert to the public and become again the subject of appropriation in the manner provided by law, subject to existing priorites."

For the alleged reason that the defendant, although having granted to him on March 18, 1918, the decree of the court conferring the right to these waters, had not used the same since 1908, or exercised any authority over the same until his alleged wrongful taking thereof in 1922, plaintiff, by this proceeding, seeks to impeach and set aside the decree so entered.

It is necessary for the court not only to inquire as to the requirements of the water code of the state

of Oregon as to those who would secure from the state the exclusive right to the use of the waters of the state but also as to the rights inuring to defendant Thomas Mack through the decree heretofore rendered conferring the right to the use of the water now in dispute.

"It is well-settled law 'that a judgment (or decree) rendered by a court having jurisdictioin of the parties and the subject-matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except for fraud in its procurement. Even if the judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to collateral impeachment so long as it stands unreversed and in force. On the other hand, a judgment which is absolutely void is entitled to no authority or respect and therefore may be impeached in collateral proceedings by any one with whose rights or interests it conflicts. By the weight of authority, whether a judgment is void or voidable is to be determined from an inspection of the record. If the record discloses the jurisdictional defect, the judgment is void; if it does not, the judgment is merely voidable': 34 C. J., § 815, pp. 511-514, cases cited."

We have not before us the record of the proceedings by which Thomas Mack was vested with the right to the use of the water which plaintiff claims has been lost to him (Mack) by reason of the alleged forfeiture thereof; but we take it that the fact relied upon is the said alleged failure of the defendant to use the water during the time before the entering of said decree and the time thereafter until the year 1922 as specified. The plaintiff maintains that said act of for-

feiture occurring before the decree was entered in defendant's favor may now be made a cause of suit to vacate and annul the judgment. This is the gist of plaintiff's contention, and upon the correctness of this legal principle his success herein depends.

■ The courts universally hold that a judgment or decree of a court of record is conclusive of every fact necessary to uphold it, of all matters actually determined, and, further, of all other matters which the parties might have litigated and settled as incident to and necessarily connected with the subject-matter of the litigation, as either claim or defense, and this rule applies to both trials and defaults: *White v. Ladd,* 41 Or. 324 (68 P. 739); 34 C. J. 909, § 1322.

■ The conclusiveness and effect of a judgment is alike applicable to a proceeding in rem, of which a proceeding under the laws of Oregon to procure a right from the state of Oregon for the use of its waters is one. It is conclusive and binding "upon all the world," that is, upon all persons who may have or claim any right or interest in the subject-matter of the litigation: 34 C. J. 1172, § 1663, cases cited.

Section 5750, O. L., provides that—

"The determinations of the board of control as confirmed or modified as provided by this act in proceedings shall be conclusive as to all prior rights, and the rights of all existing claimants upon the stream or other body of water lawfully embraced in the determination."

In *O'Brien v. King* (Col.), 92 P. 945, it is said:

"The theory upon which the complaint is founded, as stated by counsel for appellee, is: (1) That appellant never perfected his appropriation to a greater extent than sufficient to irrigate two acres of land;

(2) an abandonment of his appropriation subsequent to the original decree. The facts relied on by appellee to support his first contention are, in substance, that, notwithstanding the appellant was granted a decree by which he was entitled to the use of two cubic feet of water per second of time, through the Castle Rock ditch, that his appropriation, when made was intended for the sole purpose of irrigating two acres of land for garden purposes, and at the time of his procuring the decree he owned but a small amount of land which could have been covered by said ditch, and that he had used the same to irrigate not exceedng one-fourth of an acre in extent. Over objection, the court below allowed evidence to be introduced in support of these averments. In this we think the court erred. These matters were not open to inquiry in this case. It has been frequently held that the volume of the priority awarded a ditch in the adjudication proceeding is *res adjudicata,* and none of the facts upon which the award is predicated can be inquired into in a collateral proceeding. * * *

"Under the well-settled rule laid down in the cases above cited, the court was without power or authority in this proceeding to nullify or modify the decree rendered in the adjudication proceedings as to the quantity of water awarded O'Brien, or in any other respect.

"The question therefore, as to whether or not O'Brien had abandoned wholly or partially his right to the use of the volume of water to which he was entitled under the decree, was manifestly not considered or properly determined by the court, in that the inquiry was not limited to acts on the part of O'Brien which occurred subsequent to the granting of the decree *(P. V. I. Co. v. Central Trust Co.,* supra).''

Supporting the view that such decrees of adjudication are *res adjudicata* upon all questions of abandonment or quantity prior to such judgment, are the following authorities: 3 Kinney, Irrigation and Water Rights (2d ed.), p. 2878; 2 Wiel, Water Rights in the

Western States (3 Ed.), p. 1135, § 1233; *Platte Valley Irr. Co. v. Central Trust Co. et al.* (Colo.), 75 P. 391. is bearing on this subject, note the following from 2 Wiel, Water Rights in the Western States (3d ed.), where it is written at pages 1135, 1136:

"The decrees are not open to collateral attack. They are conclusive upon the parties. It has been frequently determined by the Colorado court that except as specially provided by statutes or in case of fraud, decrees rendered in statutory proceedings under the irrigation act are *res adjudicata* and conclusive upon the parties thereto and issues therein. * * * The decree is *res adjudicata* upon the question of abandonment prior to the decree. The district courts of Colorado act as courts of general jurisdiction in these matters, whose jurisdictional requirements will be presumed on collateral attack."

██ There seemed some question as to whether the Colorado court, in the exercise of such powers, was a court of limited or general jurisdiction, while no such question is presented here. The circuit court of Oregon, in the exercise of such powers, is a court of general jurisdiction, and the proceedings are, as nearly as may be, like those in a suit in equity, except that any proceedings, including the entry of a decree, may be had in vacations with the same force and effect as in term time: § 5745, O. L. The suit instituted by plaintiff is one brought to impeach and set aside said decree for alleged jurisdictional defects, and is in its nature collateral.

█ It is suggested that the rule as announced by the appellate court of the state of Colorado should not be regarded as persuasive inasmuch as that state has not a similar statute of forfeiture. However, the principle of law adopted is analogous in its application to the doctrine of *res adjudicata*. Confessedly,

the circuit court of Baker county was clothed with jurisdiction in the application of Thomas Mack for a decree investing him with the certain water privileges therein prayed for. The law as stated by the cases hereinbefore referred to in analysis we find to be, in effect, that among other things conclusively presumed is the fact that the court found, in rendering decree, that the right to the use of the water applied for had not been abandoned prior to the time of the rendition of judgment. Said decree precludes a retrial or reinvestigation of the facts touching an alleged forfeiture which is claimed to have occurred before judgment. This being true, it follows that the facts stated in plaintiff's complaint are insufficient to constitute a cause of suit.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.