Argued and submitted January 14, affirmed in part;
reversed in part and remanded April 14,
reconsideration denied May 22,
petition for review allowed September 16, 1980
See later issue Oregon Reports

CRANDALL, et ux,
*Appellants,*
*v.*
WATER RESOURCES DEPARTMENT OF
THE STATE OF OREGON, et al,
*Respondents.*

(CA No. 12089)

609 P2d 844

William H. Ferguson, Medford, argued the cause for appellants. With him on the briefs was Grant, Ferguson & Carter, Medford.

Al J. Laue, Assistant Attorney General, argued the cause for respondent Water Resources Department. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Frank J. Van Dyke and John L. DuBay, Medford, argued the cause and filed the brief for respondents Rogue River Valley Irrigation District and Medford Irrigation District.

Before Joseph, Presiding Judge, and Richardson, Judge, and Schwab, C. J.*

JOSEPH, P.J.

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

Petitioners appeal from the cancellation by the Director of the Water Resources Department of a water right certificate which had a priority date of 1872 and which authorized the use of up to 40 cubic feet of water per second for power generation purposes. The Department's order also directed that a new certificate be issued in lieu of the cancelled one, which was to be "subsequent in priority to all existing rights" and which authorized the use of up to 24.4 cubic feet of water per second. We affirm in part, reverse in part and remand.

Petitioners are the owners of a mill located near Little Butte Creek. Power for mill operations is generated by a water-driven turbine. The turbine receives its water supply through a canal, which is fed at a diversion point on the creek upstream from the mill. At a point farther upstream, the intervenors Rogue River Valley Irrigation District and Medford Irrigation District divert water for irrigation purposes. The priority of the water rights of the irrigation districts is junior to that of petitioners' 1872 right.

The mill began operations in 1872. The power-generating equipment it then used was generally the same as the equipment now in use, although there have been some improvements and alterations. In approximately 1933, George F. Putman, Jr., acquired the mill. Mr. Putman operated the mill until its sale to petitioners in 1972. The water right certificate which is the subject of this proceeding was issued to Mr. Putman in 1950, pursuant to a Jackson County Circuit Court decree of August 15, 1949. *See* ORS 539.150 *et seq.*

This proceeding was initiated by the Department pursuant to ORS 540.610 *et seq.*, in apparent response to affidavits filed by or at the instance of the intervenor irrigation districts, to consider cancellation of petitioners' water right certificate on the ground that

the right had been abandoned through non-use. ORS
540.610(1) provides:

> "Beneficial use shall be the basis, the measure
> and the limit of all rights to the use of water in this
> state. Whenever the owner of a perfected and devel-
> oped water right ceases or fails to use the water
> appropriated for a period of five successive years, the
> right to use shall cease, and the failure to use shall be
> conclusively presumed to be an abandonment of
> water right. Thereafter the water which was the
> subject of use under such water right shall revert to
> the public and become again the subject of appropria-
> tion in the manner provided by law, subject to exist-
> ing priorities."

The director found that there had been a non-use by
petitioners and their predecessors and a resulting for-
feiture of 15.6 cubic feet per second of petitioners'
water right. He directed that the certificate be can-
celled and that a new certificate be issued, authorizing
the use of up to 24.4 cubic feet per second, and having
a priority subsequent to all existing rights to the
waters of the creek.

Petitioners' major contentions on appeal are, first,
that the evidence did not support the director's finding
that there was a forfeiture of 15.6 cubic feet per
second; and, second, that the director erred in divest-
ing petitioners of their 1872 priority as to the 24.4
cubic feet per second of petitioners' water right which
the director found had not been forfeited.

The director's findings are based upon and refer to
evidence of non-use occurring both prior *and* subse-
quent to the 1949 circuit court decree which directed
issuance of the water right certificate to petitioners'
predecessor. Petitioners argue that the director was
incorrect in concluding that that decree is "res judica-
ta" only as to issues actually litigated in the circuit
court proceeding and that the issue of non-use was not
litigated in that proceeding. We agree with peti-
tioners. *See Abel v. Mack*, 131 Or 586, 283 P 8 (1929).
However, there were findings that the non-use of at

least 15.6 cubic feet per second continued for more than five consecutive years *after* August 15, 1949. There was substantial evidence to support those findings. There was testimony that, since 1951, the average flow in the creek at the mill's diversion point during the relevant months was only 20 to 22 cubic feet per second. Records of the flow below the irrigation districts' diversion point confirmed that the quantity diverted by the districts during the relevant period left an available flow of approximately 20 to 22 cubic feet per second at the mill's diversion point. There was also evidence that the actual operational need for power generation, the proper use of water under the certificate, were 24.4 cubic feet per second the director found not to have been forfeited. On the record made the director was entitled to find, and to attach probative significance to the finding, that up to the 1973 demand that gave rise to this proceeding neither Putman nor petitioners made it known either to the watermasters or upstream appropriators that they were not receiving the flow due then under the certificate.

We accordingly affirm the portion of the director's order which holds that 15.6 cubic feet per second of petitioners' water right is forfeited. However, we agree with petitioners that the director erred in eliminating their 1872 priority for the remaining 24.4 cubic feet per second of the right. Petitioners' forfeiture of part of their original water right does not affect the existence or status of the unforfeited remainder, and the 24.4 cubic feet per second of water to which petitioners remain entitled retains its 1872 priority.

In addition to the arguments we have considered, petitioners make two others. First, they contend that the director erred in failing to consider their affidavit of prejudice against him (and his subordinates) or to disqualify himself. We disagree. *See Gregg v. Racing Commission*, 38 Or App 19, 588 P2d 1290, *rev den* 286 Or 637 (1979).

Finally, petitioners contend that it was error to permit the two irrigation districts to intervene in the agency proceedings, because they did not follow the procedure for intervention under applicable agency rules. Assuming *arguendo* that it was error to permit the intervention, we discern no prejudice to petitioners. ORS 183.482(8)(a).

We reverse the part of the order which purports to divest petitioners of their 1872 priority for the 24.4 cubic feet per second of the water right which was not forfeited, and we remand the matter to the agency to enter a corrected order with respect to petitioners' priority. In all other respects, we affirm.

Affirmed in part, reversed in part and remanded.