Argued January 10, affirmed February 27, 1963

# GRANT *v.* YOK ET AL

378 P. 2d 962

*David W. Harper,* Portland, argued the cause for appellant. With him on the brief were Keane & Haessler, and Robert Neil Gygi, Portland.

*William E. Hurley,* Portland, argued. the cause for respondents. With him on the brief were Bernard, Bernard & Hurley, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Goodwin and Lusk, Justices.

PERRY, J.

The plaintiff brought this action to recover on a written agreement signed by Goldie Chan Lam, usually referred to as Dr. Chan, deceased. The writing, in essence, provided that if plaintiff should succeed in selling certain real property of the deceased, he was to be compensated for his labors after her death. This writing was dated June 11, 1956, and is as follows:

> "* * * It is further agreed that I, Dr. Goldie Chan Lam, shall pay Harry Grant, 10% or (Four thousand and two hundred dollars) as a commission for selling and handling above transaction upon presentation of this signed document to the administrator of my estate after my death if and in the event I don't name Harry Grant, the heir to the Essex Apts., 1724 S. W. Brwdy. in Portland, Oregon, of which I am the legal owner. This agreement between Harry Grant, and myself and his wife as a witness is separate of any past or future dealings."

The plaintiff was, at the time he effected a sale of the property, in the employment of the deceased.

The plaintiff's relationship with the deceased commenced in the fall of 1951 when he and his wife rented an apartment in a building owned by Dr. Chan. At this time plaintiff agreed to perform minor duties as caretaker in the building in consideration of a re-

duction in rent. Subsequently, in June 1952, plaintiff agreed to do some additional work not to exceed four hours per month. The work to be done consisted primarily in collecting rents from tenants of other property owned by the deceased. The consideration for plaintiff's additional labors was the use of the apartment rent free. These two agreements were in writing. Thereafter, the plaintiff testified, an oral agreement was entered into between the parties, wherein it was agreed that the plaintiff would take over the management of all of Dr. Chan's properties and handle the rental and sale of her properties.

On November 21, 1956 the plaintiff filed an action in the circuit court of Multnomah County in which he alleged "the plaintiff * * * performed services as her property agent in buying and selling real and personal property and as her property manager, * * * that the reasonable value of said services performed is the sum of $400.00 per month or for a total sum of * * * $19,706.00 * * * and no sums have been paid * * *." This action was tried and judgment rendered thereon on December 9, 1957 in favor of the plaintiff and against the defendant. All of the records in this prior trial were introduced into evidence in the present action.

The trial court, on motion of the defendants, rendered judgment for the defendants in the present case on the basis that the issues presented in this trial had been adjudicated in the prior trial. The plaintiff appeals.

■ The plaintiff contends that the trial court was in error in holding that the issue presented by the written contract sued upon in this action was barred by the doctrine of res judicata; that is, that the action in quantum meruit upon which the plaintiff recovered

a judgment did not include a consideration of the services performed by the plaintiff under the special contract sued upon in this action for the sale of the particular property mentioned in the contract. We are then concerned with whether or not the action on the contract was merged in the prior judgment for work and labor performed.

> " 'It is settled law in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (Neil v. Tolman, 12 Or. 289, 7 P. 103; Morrill v. Morrill, 20 Or. 96, 25 P. 362, 23 Am.St.Rep. 95, 11 L.R.A. 155; Belle v. Brown, 37 Or. 588, 61 P. 1024; White v. Ladd, 41 Or. 324, 68 P. 739, 93 Am.St.Rep. 732), but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against matters actually litigated or questions directly in issue in the former action: [citing authorities].' Ruckman v. Union Railway Co., 45 Or. 578 (78 P. 748, 69 L.R.A. 480)." *Associated Oil Co. v. Edgerton,* 158 Or 607, 611, 77 P2d 416.

The doctrine of res judicata "always applies where the parties are the same and a subsequent action is sought to be maintained on the same claim or demand." *Nusom et ux v. Fromm et ux,* 217 Or 36, 340 P2d 186.

As heretofore stated, plaintiff's prior action was in assumpsit for work and labor performed covering the period of the contract now being sued upon, and

the work and labor performed under this written contract is the same as plaintiff alleged he performed as a basis for recovery in the prior action.

The contract sued upon in this action was introduced into evidence in the prior action with plaintiff's statement, "We are merely introducing it * * * [the written contract] to show what work he did for Mrs. Chan." The plaintiff testified at length to his labors in procuring a sale of the Couch street property for the defendant.

■ It is well established law that where there is a written agreement for work and labor which has been fully performed and nothing remains to be done but payment for the services rendered, the performer may sue in assumpsit for the value of his performance, using the stipulated remuneration in the contract as evidence of the value of the services. *Richanbach v. Ruby,* 135 Or 117, 293 P 430, 294 P 1098; *Sinnock v. Zimmerman,* 132 Or 137, 284 P 838; *Inland Construction Co. v. Pendleton,* 116 Or 668, 242 P 842.

We also note that in the prior action Mrs. Lam stated that that portion of the signed agreement sought to be recovered upon in this action, which provided for a 10 per cent commission, or $4,200, was not agreed upon, as, she testified, this was added after her signature had been attached.

There was no attempt to segregate the present claim from the general claim for services performed in the prior action by request of either of the parties. The issue here presented was fully presented and determined in the former action. The plaintiff, however, contends that his recovery in the action in assumpsit did not merge into the present action because the parties intended to keep the two agreements separate and distinct when they provided in the present

contract these words, "This agreement between Harry Grant, and myself and his wife as witness is separate of any past or future dealings," and further, that no recovery under this contract could be had in the trial of the prior action because nothing was due plaintiff until after Mrs. Lam's death.

The difficulty with plaintiff's position is that whether the suit to recover for services rendered during the period of time consumed in the negotiating of the sale of the Couch street property should or should not be tried and considered in the prior action after the issue was injected by the plaintiff rested with the defendant. The defendant could have objected to the introduction of any evidence relative to the work and labor performed in the sale of the Couch street property on the ground that this work was covered by a separate agreement. This the defendant did not do.

■ In our opinion the transcript in the prior case discloses beyond doubt that the judgment in that case included the plaintiff's work and labor performed in the sale of the property upon which he now seeks to recover. Having recovered judgment once for the same cause, he cannot recover again.

The plaintiff also contends that the trial court was in error in rejecting the testimony of himself and his wife that they overheard the judge in an off-the-record remark in the course of the prior trial state that the contract for the sale of the Couch street property was premature. Whether the judge in that trial believed that a suit on the contract was premature or not is immaterial. The issue of what, if anything, defendant owed the plaintiff for his services in connection with the sale of the Couch street property was submitted to the jury and determined by them.

The judgment of the trial court is affirmed.