Argued and submitted March 19, reversed June 30, 1980

CREDIT SERVICE COMPANY, et al,
*Respondents,*
*v.*
COUNTRY REALTY COMPANY,
*Appellant.*

(No. 155-548, CA 15873)

612 P2d 773

James Scudder, Troutdale, filed the brief for appellant.

Jonathan K. Enz, Portland, argued the cause and filed the brief for respondents.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is an action in which plaintiff Credit Service Company sought recovery for the reasonable value of materials supplied to defendant by plaintiff United Pipe & Supply Company. United Pipe Company undertook to supply certain materials to defendant. After supplying part of the materials which were needed to complete defendants' water system, United Pipe declined to provide the balance of the materials for the job. United Pipe then assigned to Credit Service its rights to recover for the materials actually supplied. Credit Service thereafter brought this action for the value of the goods actually furnished to defendant. Defendant counterclaimed for damages incurred due to United Pipe's alleged breach of contract. The trial court granted judgment for plaintiff, together with interest and costs, and dismissed defendant's counterclaim with prejudice.[1]

Defendant contends the trial court erred in giving judgment to plaintiffs without proof of the reasonable value of the materials supplied.[2] We review the evidence in the light most favorable to the prevailing party, herein the plaintiffs. *Hall v. Gordon,* 284 Or 49, 584 P2d 1374 (1978).

In *Midwest Fabrication v. Woodex, Inc.,* 40 Or App 675, 680, 596 P2d 581, *rev den* (1979), we enunciated the following tripartite test for supporting a claim for the reasonable value of labor and materials:

> "* * * [O]ne must prove that the labor and materials were actually expended for the benefit of the defendant, that the amounts of labor and materials used were reasonable and that the charge for those amounts is reasonable. *Farris v. McCracken,* 253 Or

---

[1] Defendant did not cross appeal from the court's dismissal of the counterclaim.

[2] Due to our disposition of this case, we need not address defendant's other assignments of error.

273, 453 P2d 932 (1969); *Timber Structures v. C.W.S.G. Wks., supra* [191 Or 231, 229 P2d 623 (1951)]."

Even assuming in the present case that the materials were actually provided for the benefit of the defendant and that the amounts of the materials used were reasonable, there is no evidence in the record before us that the amounts charged for the materials represented their reasonable value.

The only evidence offered by the plaintiff to prove its claim was the cost of materials to United Pipe and the margin of profit added thereto. Plaintiff contends that the combined total of cost plus the profit supplies evidence of the reasonable value of the goods. While plaintiff produced evidence that the mark-up for profit over cost was "fair", there was no evidence that the price paid by United Pipe to purchase the goods was a reasonable amount. We do not know whether the goods were purchased by United Pipe at a reasonable price or at an unreasonable price.

In summary, the amount charged for materials does not, without explanation, establish their reasonable value. Thus, a key element of plaintiff's *prima facie* case is missing. *Midwest Fabrication v. Woodex, Inc., supra; Farris v. McCracken, supra* at 275-76.

Accordingly, the judgment is reversed with directions to enter judgment for defendant.

Reversed.