Argued and submitted June 26, affirmed December 1, 1981,
reconsideration denied January 28,
petition for review denied February 24, 1982 (292 Or 581)

CLOUD, dba Jim Cloud
Sales and Service,
*Respondent - Cross-Appellant.*
*v.*
RIDDELL et ux,
*Appellants - Cross-Respondents.*

(No. 26048, CA 18687)

636 P2d 996

Joseph E. Penna, Monmouth, argued the cause and filed the briefs for appellants - cross-respondents.

Paul M. Ferder, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Ferder, Ogdahl & Souther, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by defendants from a judgment in the amount of $39,877.30.[1] Plaintiff cross-appeals the denial of pre-judgment interest.

Defendants assign as error the trial court's granting of plaintiff's motion to amend his pleadings to conform to the proof, denial of defendants' motion for dismissal with prejudice, finding that defendants failed to prove their counterclaim for lost profits and award in favor of plaintiff.[2]

Plaintiff and defendants entered into an agreement for the fabrication and installation by plaintiff of equipment in a grain warehouse. Plaintiff subcontracted most of the work. Substantial delay in the project resulted from delays by others in the construction of the warehouse itself and in extra work performed that was not part of the

---

[1] Although the case was originally brought as a suit to foreclose a construction lien, in the course of the trial the court dismissed plaintiff's foreclosure suit and discharged the construction lien. Plaintiff's "reasonable value" claim and defendants' counterclaim were then tried to the court, both parties stipulating to a waiver of a jury trial.

[2] The final order read:

"* * * [T]he Court finding that:

"1. Changes and modifications were made to the original agreement between the parties;

"2. That such changes and modifications resulted in additional costs and charges equalling the sum of $47,277.30, which was the reasonable value thereof;

"3. The drainage ditch was improperly graded and the loadout bin was not designed and installed in a functional manner as intended;

"4. The reasonable costs of curing such defects was $7,500.00;

"5. Defendants failed to prove their counterclaims seeking money damages for lost profits, or alternatively, interest on capital invested; and

"6. Plaintiff shall have judgment against Defendants for $47,277.30 less the sum of $7,500.00.

"Now, therefore,

"IT IS HEREBY ORDERED that consistent with the above-findings, Judgment be entered for Plaintiff, Jim Cloud, and against Defendants, David Riddell and Christy Riddell, and each of them, in the amount of $39,877.30, and that Defendants take nothing thereby;

"* * * * *"

original agreement. When it became clear the project would not be completed on the scheduled date of June 20, 1978, and that there would be some additional costs incurred, defendants requested an itemized documentation of the extra work.

Plaintiff, the subcontractor and defendants held a meeting to discuss the extra costs on September 26, 1978. There is some disagreement in the testimony as to exactly what took place at this meeting, but in the end defendants paid plaintiff for part of the undisputed extras in the sum of $11,000 and allowed plaintiff to continue with the project. Some discussion of adjustments in the extra costs and future plans for the project took place later and apparently formed the basis for a final invoice billing for $47,277.30. The project was completed on January 11, 1979, and plaintiff demanded payment of that amount. Upon defendants' refusal to pay, plaintiff filed a mechanic's lien for $62,978.92 (the higher figure being an amount plaintiff stated he felt he was entitled to because he had included certain discounts to arrive at the $47,277.30 figure). Plaintiff commenced this suit to foreclose that lien.

Plaintiff's theory in his suit to foreclose was that the parties had expressly agreed to a modification of the original contract in the amount of $63,119.36. At the close of plaintiff's case-in-chief, defendants moved to dismiss with prejudice. Among other arguments, defendants asserted that plaintiff had failed to prove that the parties expressly agreed to a modification of the original contract. Defendants maintained that plaintiff's evidence in fact showed quite the opposite: that the parties had never agreed on the sum due for the extra work performed. The trial court reserved ruling on the motion but voiced a concern that the evidence did not prove an agreement between the parties. In the subsequent order discharging plaintiff's lien, the court stated:

"Applying the 'was anyone mislead' test the court could overlook the defects in the lien as the same apply to the owner of the property and employer of claimant. With much greater difficulty the court could overlook the overstatement of the claim although this is doubtful. In his complaint plaintiff baldly alleges that the defendants agreed to pay the total sum of $170,119.36 in support of a

claimed unpaid balance of $63,119.36. (We are disregarding the difference between this latter amount and the amount set forth in the notice of the lien.) There was no proof of any such agreement. As noted above plaintiff allows that he has due and owing only something in excess of $47,000.00, after making adjustments to which defendants were entitled. This is something more than mere negligence.

"The combination of defects in the lien claim and particularly the overstatement of the claim invalidated the lien. While it is the general rule that where one sues upon an express contract a recovery upon quantum meruit may not be held, this rule has become somewhat modified. There is no doubt in the mind of the court that defendants owe the plaintiff something. Whatever the amount may be plaintiff should not be denied recovery by the application of a harsh and restrictive rule."

At this point, with the lien discharged, plaintiff was allowed to amend his complaint to add a claim for the "reasonable value" of materials and labor, *i.e., quantum meruit.* Plaintiff was then allowed to introduce additional evidence in support of his reasonable value claim, but later chose not to do so and elected to rest. Defendants once again moved to dismiss for failure to produce evidence of the reasonableness of plaintiff's claims.

■ Defendants contend the court erred in allowing plaintiff to amend his complaint to add a claim in *quantum meruit.* As discussed below, evidence on plaintiff's *quantum meruit* claim was introduced without objection prior to the amendment. Defendants do not point to any prejudice or surprise in allowing plaintiff to amend, nor do we find any. We conclude that it was not error to allow amendment to the complaint. *N. Tillamook Sanitary v. Great American,* 46 Or App 173, 611 P2d 319, *rev den* 289 Or 588 (1980).

Defendants next argue that their motion to dismiss for failure of proof on plaintiff's *quantum meruit* claim should have been granted. We recently held, in *Midwest Fabrication v. Woodex, Inc.,* 40 Or App 675, 680, 596 P2d 581, *rev den* 287 Or 215 (1979):

"* * * To support a claim for reasonable value of labor and materials, one must prove that the labor and materials were actually expended for the benefit of the defendant,

that the amounts of labor and materials used were reasonable and that the charge for those amounts is reasonable." (Citations omitted.)

*See also, Credit Service Co. v. County Realty Co.,* 46 Or App 867, 612 P2d 773 (1980).

■　　　There is no dispute in the case at bar on the first element of the above tripartite test. Rather, defendants contend there was no evidence introduced prior to the motion as to the reasonableness of the amount of labor and materials used or the charges for those amounts. We are required to view the evidence in the light most favorable to plaintiff. *Hall v. Gordon,* 284 Or 49, 584 P2d 1374 (1978). Viewed in such light, we find there was evidence to support plaintiff's claim in *quantum meruit.*

　　　Plaintiff introduced a final invoice sheet indicating the amount due on the project. He testified that the figures representing the labor hours on the project were accurate in amount and were necessary considering the various delays in the project and considering the extra work requested by defendant. The final invoice sheet reflected a labor cost per hour of $20.00 for the extra work performed. Plaintiff testified this figure represented a $2 per hour "credit" on the original contract agreement of $22.00 per hour. Because the agreed compensation rate is presumed reasonable, *Marnon v. Vaughan Motor Co., Inc.,* 189 Or 339, 355, 219 P2d 163 (1950), evidence that the labor here was performed at less than the agreed rate is evidence of reasonableness of the labor charges. Further, plaintiff testified that the materials list indicated in the final invoice was for necessary materials actually used. He also testified that the materials were all "good buys" and that they were billed at a "cost plus" 10% markup. Because there was evidence to satisfy the three elements of the test enunciated in *Midwest Fabrication, supra,* the trial court properly denied defendants' motion for dismissal.

■　　　Defendants further assign as error the trial court's finding: "Defendants failed to prove their counterclaims seeking money damages for lost profits." We are satisfied that defendants' proof as to lost profits was insufficient. *See KWIPCO, Inc. v. General Trailer Co.,* 267 Or 184, 515 P2d

1317 (1973); *White v. Oregon Horticultural Supply,* 40 Or App 323, 594 P2d 1321, *rev den* 287 Or 45 (1979).

■         Plaintiff cross-appeals the court's denial of pre-judgment interest on the $39,877.30 award. Plaintiff's original theory for recovery was that the parties orally agreed to a modification of the contract for the additional sum of $63,119.36. Plaintiff produced evidence that the value of the extras was at least $47,277.30. He testified that the $47,277.30 sum did not include some of the extra work done. Defendants offered evidence to show the parties never expressly agreed to the $63,119.36 additional sum and that portions of that claimed sum were excessive. The trial court found that the parties did not expressly agree to a modification and that the reasonable value of the extras was $47,277.30 but, because part of the work was not properly performed, $7,500 was deducted for the cost of curing the defects. A review of the record shows that this $7,500 sum was an estimate made by the trial court as the cost to cure.

In *City of Portland v. Hoffman Construction Company,* 286 Or 789, 805, 596 P2d 1305 (1979), the court allowed recovery of pre-judgment interest on a *quantum meruit* recovery for services rendered. In the case at bar, however, given the conflicting claims of the parties and lack of agreement upon the amount in dispute, it can hardly be said that the exact pecuniary amount owed by defendant was ascertainable. *Arden-Mayfair Inc. v. Patterson, 46 Or App 849, 857, 613 P2d 1062, rev den* 290 Or 149 (1980). Thus, the trial court did not err in denying pre-judgment interest.

Affirmed.