Argued and submitted November 16, 1981, reversed and remanded for determination May 26, reconsideration denied July 8, petition for review denied August 24, 1982 (293 Or 483)

## HAGGARD,
*Respondent - Cross-Appellant,*
*v.*
## EDWARDS et ux,
*Appellants.*

### (No. 35280, CA 19144)

645 P2d 590

Larry A. Brisbee, Hillsboro, argued the cause and filed the briefs for appellants.

Frank Parisi, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Rutherford &

Hansen, McMinnville, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendants appeal from a trial court decree awarding plaintiff judgment for $24,252 and foreclosing plaintiff's lien against their property.[1] The dispositive issue is whether there was any competent substantial evidence to support a judgment in plaintiff's favor based on *quantum meruit.*

Plaintiff brought suit to foreclose a construction lien on defendants' residence. He alleged that he had performed on an oral contract to build the house on a cost-plus basis, that the reasonable value of the labor and materials furnished was $146,716 and that defendants had paid only $113,452. Defendants answered that the parties had entered into a written agreement to build the house for a fixed price and that they had paid plaintiff everything due him.

The trial court found "an absence of the requisite 'meeting of the minds' essential to the formation of the contract specifically alleged under each theory." The court then ruled that plaintiff could recover on a *quantum meruit* basis. Over defendants' objection that plaintiff had not pleaded or proved *quantum meruit,* the court found that the reasonable value of labor and materials furnished by plaintiff was $138,400, that plaintiff had substantially performed and that defendants were entitled to certain credits and offsets. The court thereupon entered judgment for plaintiff and decreed foreclosure of his lien.

■■ Defendants contend that the trial court erred in awarding plaintiff judgment in *quantum meruit* that was neither pleaded nor proved. A claim for the reasonable value of labor and materials has three elements: (1) that the labor and materials were actually expended for the benefit of the defendant, (2) that the amount of labor and materials used was reasonable and (3) that the charge for that amount was reasonable. *Cloud v. Riddell,* 54 Or App 917, 636 P2d 996 (1981), *rev den* 292 Or 581 (1982); *Midwest Fabrication v. Woodex, Inc.,* 40 Or App 675, 680, 596 P2d 581, *rev den* 287 Or 215 (1979). Plaintiff's proof failed on the last two elements.

---

[1] Plaintiff filed a notice of cross-appeal but made no assignments of error in his brief.

Plaintiff presented evidence on the fair market value of the completed house, but that value is different from the value of the labor and materials furnished. He offered in evidence all the invoices received from his subcontractors and evidence of what he spent for labor, but that evidence did not show that the labor claimed or the wages paid were reasonable or that materials were purchased at a reasonable price. *Credit Service Co. v. Country Realty Co.*, 46 Or App 867, 870, 612 P2d 773 (1980) ("[T]he amount charged for materials does not, without explanation, establish their reasonable value."); *see Farris v. McCracken*, 253 Or 273, 453 P2d 932 (1969). Something more is needed. For example, in *Cloud v. Riddell, supra,* relied on by plaintiff, the builder presented evidence on an agreed rate for labor, that the materials purchased were all "good buys" and that all materials billed were necessary and were actually used. Here, plaintiff failed to offer any competent substantial evidence that the amount of labor and materials used was reasonable or that the charge for labor and materials was reasonable.

Plaintiff argues that the advice given the trial court by a court-appointed referee supplies the required proof. We disagree. Although it does appear in the court's letter opinion that the referee "concur[red] in the result as authored by [that] court" and that the referee "was firm in his resolve that '[defendants] will have clearly received their money's worth,'" evidence considered by the referee was not subject to challenge by defendants because it was not offered by plaintiff at trial. We conclude that there was insufficient evidence to support a judgment based upon *quantum meruit.*

Defendants are now the prevailing parties. They are entitled to an award of attorney fees. ORS 87.060(4).

Reversed and remanded for determination of defendants' attorney fees.[2]

---

[2] Because we reverse on the ground that plaintiff failed to prove his claim, we do not consider defendants' other assignments of error.