Argued and submitted July 18, affirmed December 7, 1983

CENTRAL COAST ELECTRIC, INC.,
*Appellant,*

*v.*

MENDELL et al,
*Respondents.*

(20-941; CA A26333)

672 P2d 1224

James M. Gillis, P. C., Newport, argued the cause and filed the brief for appellant.

Marvin S. Nepom, Portland, argued the cause and filed the brief for respondents George E. Mendell and Shirley A. Mendell.

No appearance for respondents Gilbert W. Scott and Wilma T. Scott.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff Central Coast Electric (CCE) sued to foreclose a construction lien and for recovery in *quantum meruit* for electrical work it had performed in remodeling defendants Mendells' house. Defendants Scott are the contract sellers of the house. The trial court granted defendants a directed verdict, finding that CCE's lien was not timely filed and that CCE had failed to prove its *quantum meruit* claim. Accordingly, the court dismissed CCE's complaint and discharged its lien. The court awarded defendants Mendell their costs and attorney fees. The issues on appeal are whether additional work performed by CCE extended the time for filing its lien and whether CCE proved that labor and materials it expended were reasonable. We affirm.

In May, 1980, CCE entered into an oral agreement to perform electrical work in remodeling the house. CCE concedes that this work was "substantially complete" (*see* ORS 87.045(1)(a)) on August 29, and that it was the last contractor on the job. On November 18, the Mendells called CCE to complain about a defective heater. CCE's employe spent about 30 minutes removing the heater and assembling and installing a replacement. The original heater was still under warranty, so no additional charge was made for that work. Later, when the parties discussed the balance due CCE, the Mendells complained about the charges for materials. CCE then filed its lien for $1,849.74. The lien, which gave a completion date of November 18, was filed on December 24.

ORS 87.035(1) provides:

> "Every person claiming a lien under ORS 87.010(1) or (2) shall file the claim not later than * * * 60 days after completion of construction * * *."

Completion of construction of an improvement occurs when "[t]he improvement is substantially complete," ORS 87.045(1)(a).

In *Christenson v. Behrens,* 231 Or 458, 467, 372 P2d 494 (1962), the Supreme Court stated:

> "* * * [T]he efforts of a contractor or of a subcontractor who returns to the building where work has stopped after apparent completion and all tools have been taken away and then performs some trifling work or a few odds and ends will

not be deemed original construction so as to extend the period of limitation for filing mechanics' liens."

In *Fox & Co v. Roman Catholic Bishop,* 107 Or 557, 215 P 178 (1923), three contractors returned to perform assorted tasks at various times after completion. In finding their liens untimely, the Supreme Court stated:

> "* * * [W]hile some other work was done in the way of substitution after that time it was only of a character to make good defects in work already performed and not sufficient to keep the liens alive * * *. It is not every trifling omission, even in matters stated in the contract, that will keep running the time for filing a lien * * *." 107 Or at 559.

*See also Mercer Steel v. Park Construction Co.,* 242 Or 596, 599, 411 P2d 262 (1966) (construction not substantially completed before electricians returned to wire stove, oven, dishwasher, water heater and furnace); *Brown v. Farrell,* 258 Or 348, 352, 483 P2d 453 (1971) (repairing washer and attending to minor matters did not extend time for lien).

CCE's workman testified that he spent about 30 minutes replacing the defective heater. His work involved loosening a few screws and removing the original heater, taking the junction box covers off, taping the leads, assembling a new heater and connecting it. That work was performed under warranty. It would pervert the legislature's purpose in fashioning the time limitation in ORS 87.035(1) to allow the time to be extended merely because warranty work was performed. We conclude that that work did not extend the time for filing a lien claim.

CCE also contends that the trial court erred in dismissing its *quantum meruit* claim. The trial court stated:

> "* * * I can't remember any testimony in this case about the reasonable amount of the materials expended on this job, nor, the amount of labor expended on this job being brought out at all. I agree that the bills here are in and they probably from what little bit I have seen of them are in explicit form and do itemize the various items of material that went into this job. But, there is no evidence to support they were all incurred reasonably on this particular job by other evidence beyond the bills themselves. The second claim of relief fails."

We view the evidence in the light most favorable to plaintiff, giving it the benefit of every reasonable inference

that may be drawn therefrom. *Schlosser v. Clackamas Water District,* 60 Or App 617, 619, 655 P2d 194 (1982).

In order to prevail in *quantum meruit,* a plaintiff must show, *inter alia,* that the amount of labor and materials used was reasonable. *Haggard v. Edwards,* 57 Or App 537, 539, 645 P2d 590, *rev den* 293 Or 483 (1982); *Cloud v. Riddell,* 54 Or App 917, 636 P2d 996 (1981), *rev den* 292 Or 581 (1982). CCE concedes that it introduced no direct evidence on reasonableness. It argues, however, that it proved reasonableness by circumstantial evidence of itemized bills for the work performed and by testimony that the materials billed were used on the job and that the prices charged were reasonable. Still, there was no evidence that the *amount* of labor and materials used was reasonable.

The remodeling was quite extensive. However, that fact alone will not support an inference that the amount of labor and materials used was reasonable. *See Midwest Fabrication v. Woodex, Inc.,* 40 Or App 675, 681, 596 P2d 581 (1979). Similarly, CCE's evidence that the *amount charged for the materials* was reasonable will not support an inference that the *amount of materials used* was reasonable. *See Cloud v. Riddell, supra; Farris v. McCracken,* 253 Or 273, 453 P2d 932 (1969). Therefore, defendants' motion for a directed verdict was properly granted.[1]

Affirmed.

---

[1] CCE also contends that it proved the existence of an express oral contract. It asks that we reverse the trial court for failure to grant relief on that basis. *See* ORCP 23B. That theory was not raised below and we will not consider it. *Ensley-Koebel v. Nat. Guar. Prop.,* 279 Or 391, 395, 568 P2d 655 (1977). The Mendells argue that the trial court erred in denying their motion to dismiss because CCE failed to plead and prove registration with the Builder's Board. *See* ORS 701.065. Because of our disposition of the case on its merits, we need not consider the question.