Argued and submitted November 20, reversed and remanded with instructions
December 30, 1987

# GILLMAN,
*Respondent - Cross-Appellant,*

*v.*

# EMEL et al,
*Appellants - Cross-Respondents.*

## (86-90564; CA A44014)

747 P2d 390

Paul D. Clayton, Eugene, argued the cause and filed the briefs for appellants - cross-respondents.

Lann D. Leslie, Eugene, argued the cause for respondent - cross-appellant. With him on the brief was Atherly, Butler & Burgott, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendants appeal from a judgment for plaintiff on an "equitable" *quantum meruit* claim. The trial court entered the judgment after the jury found for defendants on plaintiff's alternative express contract claim. We reverse.

Plaintiff brought this action to recover unpaid sales commissions that she allegedly earned while working for defendants. The dispute centered on what percentage of her sales she was to receive as commissions. Her first claim was on an express contract. In her second claim, she alleged that defendant Emel or his agents represented that she would receive the same percentage that she sought in her first claim and that the reasonable value of her services was that amount.[1] In their answer, defendants alleged that plaintiff was only entitled to a lower commission than she had alleged and that defendants had, in fact, overpaid her. They counterclaimed to recover the overpayment. In her reply, plaintiff defended against the counterclaim by realleging the representations that she would get the higher rate and by asserting that defendants were estopped from denying her any other rate.

On the pleadings, the case is relatively straightforward and sets out several issues for the jury's determination. However, at trial the case became unnecessarily complex, to the apparent confusion of all involved. Plaintiff and the court —and, possibly, defendants—apparently treated plaintiff's *quantum meruit* claim as equitable and submitted only the express contract claim to the jury.[2] The jury returned a verdict for defendant on plaintiff's claim and on defendants' counterclaim and awarded defendants $1,003.89. The court then set the verdict aside and found for plaintiff on the "equitable" *quantum meruit* claim.[3] It also found for plaintiff on her

---

[1] In her third claim, plaintiff alleged that defendants violated the Assumed Business Name Law and sought damages under ORS 648.135 and ORS 648.990. The court awarded her $200. That award is not challenged in this appeal.

[2] We say "apparently," because it also appears that plaintiff argued something like *quantum meruit* to the jury.

[3] The court originally orally granted plaintiff a judgment n.o.v. However, plaintiff had not moved for a directed verdict, so there was no foundation for such a judgment. ORCP 63A. In any event, there was sufficient evidence in the record to support the jury's verdict.

affirmative defense of estoppel to defendants' counterclaim.[4] It then entered judgment for plaintiff in all respects. Those actions improperly divided into several parts what was one case and showed a misunderstanding of the effect of the jury's verdict.

Plaintiff's complaint sought a single recovery on two theories: express contract and *quantum meruit.* Each theory derives from common law assumpsit. Either an express promise to pay or a promise implied from the defendant's acts is equally adequate to support the action of assumpsit. 1 Corbin, *Contracts,* § 20 (1963). Many Oregon cases recognize that a claim for the reasonable value of services is a legal claim. *See, e.g., Ward v. Town Tavern, et al,* 191 Or 1, 35, 228 P2d 216 (1951); *Welch v. Webb,* 47 Or App 771, 776 n 3, 615 P2d 391 (1980). The trial court should have submitted both claims to the jury.

Even if plaintiff and defendants consented to truncating plaintiff's claims in that fashion, the court had no authority to enter findings contrary to the jury's verdict. Because the jury could have found for defendant on the counterclaim only if it found that there was an express contract, its verdict necessarily determined that there was such a contract. In those circumstances, the contract price is the only price; there is no need to determine the reasonable value of the services, because the parties have done so by their agreement. *See* 5 Corbin, *Contracts,* § 1110 (1964).

The estoppel issues that plaintiff raised did not turn any aspect of the case into an equitable claim. Plaintiff simply sought to require defendants to adhere to the representations which Emel and his agents allegedly made and on which plaintiff relied. In both her *quantum meruit* claim and her affirmative defense to defendants' counterclaim, plaintiff sought to use estoppel to establish that the contract contained the terms that she believed it did. That is an appropriate use of the doctrine.

Estoppel is not in itself the basis for a claim, but it may be a method of proving the facts necessary to establish

---

[4] Defendants apparently accept the trial court's authority to rule on the estoppel issue and do not seek to have the verdict in their favor on the counterclaim reinstated on appeal.

the claim that the plaintiff does make. *Bramwell v. Rowland,* 123 Or 33, 44, 261 P 57 (1927). Estoppel is a matter for the jury's determination. "Although the concept of estoppel is equitable in origin, it may be relied upon in an action at law without the interposition of a court of equity." *Holman Transfer Co. v. PNB Telephone Co.,* 287 Or 387, 391, 599 P2d 1115 (1979). To the extent that the trial court submitted the estoppel issue to the jury, the jury's verdict was conclusive. The trial court had no authority, after the verdict, to decide any portion of the issue which it should have, but did not, submit.[5] Because the jury's verdict was conclusive as to plaintiff's claims, the court should have entered judgment on the verdict.[6]

Reversed and remanded on the appeal with instructions to enter judgment for defendants on plaintiff's first and second claims; affirmed on the third claim and on the cross-appeal.

---

[5] Plaintiff does not assign as error the court's failure to submit the estoppel issue to the jury. In light of her position that the court could set aside the jury's verdict and make its own findings on the "equitable" issues, plaintiff could not logically make such an assignment.

[6] Our decision makes plaintiff's cross-appeal, which seeks penalty wages under ORS 652.150, moot. We therefore affirm on the cross-appeal.