Argued and submitted February 8, reversed August 4, reconsideration denied September 21, petition for review allowed October 26, 1993 (318 Or 24)

# SISTERS OF ST. JOSEPH
## OF PEACE, HEALTH, AND HOSPITAL SERVICES,
a Washington corporation,
dba Sacred Heart General Hospital,
*Respondent,*

*v.*

Nathan G. RUSSELL,
*Defendant,*

*and*

AETNA CASUALTY
AND SURETY COMPANY,
*Appellant.*

(16-90-04757; CA A74348)

857 P2d 192

Jeremy L. Fellows, Portland, argued the cause for appellant. With him on the briefs was Scheminske & Lyons, Portland.

James R. Strickland, Eugene, argued the cause for respondent. With him on the brief was Curtis and Strickland, Eugene.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

Warren, P. J., concurring.

Landau, J., dissenting.

## EDMONDS, J.

Defendant Aetna Casualty and Surety Company (Aetna) appeals from a judgment awarding plaintiff $97,092.74.[1] Defendant makes multiple assignments of error. We reverse.

This case arose out of an employment related injury to defendant Russell. At the time of the injury, Russell was uncertain as to who his employer was and, therefore, he filed four separate workers' compensation claims against four purported employers. Following a workers' compensation hearing, the referee held that Aetna's insured was Russell's employer for workers' compensation purposes.

During the pendency of Aetna's appeal to the Workers' Compensation Board, Russell, the four employers and their insurers, including Aetna, entered into a Disputed Claim Settlement (DCS) that was approved by the Workers' Compensation Board. ORS 656.289(4). The DCS absolved the employers and their insurers of any further responsibility for Russell's "disputed and denied conditions" and awarded a lump sum settlement to Russell. The DCS also included specified amounts "alleged" by Russell as medical expenses. It provided that Aetna would be solely responsible for "sums heretofore set forth" and that it would hold Russell harmless from any claim by plaintiff seeking recovery for medical expenses. Moreover, the DCS said that Aetna was "free to make whatever arrangements [it wished] with regard to settlement of the alleged bills."

Plaintiff brought this action against Russell and Aetna to recover the medical expenses. Plaintiff's claims against Russell are on the basis of an account stated and for the reasonable and necessary value of the medical services furnished. Its claim against Aetna is based on the theory that the DCS constituted a third-party beneficiary contract under which Aetna agreed to be responsible for Russell's obligation. At trial, the jury found against plaintiff on the account stated claim, but in favor of plaintiff on the other claims. The court entered judgment judgment against Aetna. Aetna appeals from that judgment.

---

[1] Defendant Russell is not a party to this appeal.

■     Aetna assigns error to the court's denial of its motion for a directed verdict. ORCP 60. It argues that plaintiff presented no evidence "sufficient to show that the services that were allegedly provided to defendant Russell were services which were reasonable, as alleged, and necessary." We review the denial of a defendant's directed verdict motion to determine whether, viewing the evidence in the light most favorable to plaintiff, there was any evidence from which the jury could have found the facts necessary to establish the elements of its claims. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984).

■     At issue is the nature of plaintiff's claims. Plaintiff's claim against Aetna alleges that Aetna is indebted to plaintiff in "the reasonable amount of Nathan C. Russell's bills." Its claim against Russell alleges an implied contract for the "reasonable value of goods and services provided." In its opening statement, plaintiff told the trial court:

> "We are proceeding on two separate accounts [*sic*], one which is commonly known as Reasonable Value of Goods and Services Provided. Count 2 is what's called Account Stated. In other words, there has been an account between the parties and nobody disputed it. And then the last is whether or not there is a Third Party Beneficiary Account which Sacred Heart should be able to sue on."

Contrary to plaintiff's argument on appeal that its claim against Aetna is entirely on the basis of an express contract,[2] the claim alleges an express agreement between plaintiff and Aetna that incorporates an implied agreement between plaintiff and Russell. *See Gillman v. Emel*, 89 Or App 153, 747 P2d 390 (1987). In other words, Aetna's liability for Russell's bills may arise from an express agreement (the DCS) that Aetna pay Russell's obligation owed to plaintiff, but Russell's liability is on the basis of an implied contract. In order to prevail on the implied contract portion of the claim, plaintiff must prove three elements: (1) that the labor and/or materials were supplied for the benefit of Russell, (2) that what was supplied was necessary and reasonable and (3) that the charges for

---

[2] Plaintiff's argument assumes that the DCS is an enforceable third-party beneficiary contract and that it is the beneficiary. We need not reach that issue because plaintiff has not proven that it is entitled to recover under the agreement between it and Russell.

what was supplied were reasonable. *See Haggard v. Edwards*, 57 Or App 537, 539, 645 P2d 590, *rev den* 293 Or 483 (1982).

■ Plaintiff presented evidence that it provided to Russell the medical services for which it sought payment. Moreover, it presented evidence that the charges for the medical services were reasonable. However, there was no admissible evidence that what was supplied was necessary for the care of Russell. Because plaintiff failed to establish a necessary element of its claim, the trial court erred in not granting defendant's directed verdict motion. *Central Coast Electric, Inc. v. Mendell*, 66 Or App 42, 46, 672 P2d 1224 (1983).

Because of our resolution of this case we need not consider defendant's other assignments of error.

Reversed.

**WARREN, P. J.,** concurring.

I concur in Judge Edmonds' opinion and write only to address the argument made by the dissent that plaintiff was a third-party beneficiary of the contract between Russell and Aetna. In my view the contract was strictly one in which Aetna settled with Russell and agreed to hold him harmless from any claims made by plaintiff to recover the cost of medical services provided to Russell. The contract provided that as between Russell and Aetna, "[Russell] agrees that, as between Aetna and the medical providers, Aetna is free to make whatever arrangements they [*sic*] wish with regard to settlement of the alleged bills."

There is nothing in the language of the settlement with Russell that evinces an intent to do other than settle the case with Russell and to insulate him from plaintiff's claim. There is no evidence, nor does the writing itself justify an inference, that the parties intended to benefit plaintiff. On the contrary, it appears that Aetna expressly reserved the right to contest plaintiff's claims. Plaintiff was, at best, an incidental beneficiary of the agreement and not entitled to bring an action as a third-party beneficiary of Russell's contract. *See Aetna Casualty & Surety Co. v. OHSU*, 310 Or 61, 65, 793 P2d 320 (1990).

**LANDAU, J.,** dissenting.

Plaintiff's third claim for relief alleged that it was an intended third-party beneficiary of an agreement between Russell and Aetna. Under the terms of that express agreement, plaintiff alleged, Aetna became indebted to pay plaintiff the "reasonable amount" of Russell's medical bills. Plaintiff quoted from the agreement, which sets out Russell's claim of $98,872 in medical expenses incurred at plaintiff's facilities, contains provisions calling for Aetna to be "solely responsible for resolving the claims" and provides that "the sums heretofore set forth [are] to be the sole responsibility of the carrier Aetna Casualty & Surety Company." On the basis of those allegations, the claim was tried by both parties on a theory of express contract. It was submitted to the jury on a theory of express contract, and the jury returned a verdict in plaintiff's favor on a theory of express contract.

Now, on appeal, the majority "deems" plaintiff's claim to have been predicated on an entirely different theory, and finds plaintiff's evidence wanting because it fails to satisfy all of the elements of that theory. Specifically, the majority finds fatal plaintiff's failure to present evidence of the necessity of the services it provided Russell. That plaintiff should be found to have failed to establish all the elements of a claim for *quantum meruit* comes as no surprise. It was not the theory under which its claim was pleaded, tried, presented to the jury or decided.

The majority points to the mention of two words — "reasonable amount" — in plaintiff's complaint, as the basis for its decision. In so doing, the majority makes two mistakes. First, it ignores the balance of the complaint, which alleges recovery on the basis of express contract. According to plaintiff, the contract itself expressly defined the "reasonable amount" for services rendered. Where there is a written agreement regarding payment for services rendered, the amount stated in the agreement is sufficient to evidence the value of the services rendered. *Grant v. Yok et al*, 233 Or 491, 495, 378 P2d 962 (1963). Thus, the lack of evidence as to necessity of treatment is of no consequence; it is, in fact, irrelevant. Second, even if that were not the case, the court lacks authority simply to "deem" a complaint to state a claim on a different theory from what is alleged. The majority cites

*Gillman v. Emel,* 89 Or App 153, 747 P2d 390 (1987). However, I have searched that opinion in vain for any mention of the sort of action the majority takes in this case.[1]

The question for us is whether plaintiff presented any evidence to support its claim under the terms of the express agreement. It is not for us to test plaintiff's proof against a theory never so much as contemplated at trial. Instead of disposing of this case on the *quantum meruit* theory, I would evaluate Aetna's assignments of error against the case as it was tried.

Aetna assigns error to the trial court's denial of Aetna's motion for a directed verdict. Aetna argues that there was no evidence of a third-party beneficiary contract. The argument requires us to construe the terms of the agreement between Aetna and Russell. In construing those terms, we first determine whether the contract is ambiguous. If it is not, then we decide the matter as a question of law. If it is, then we determine whether there was evidence of the parties' intentions sufficient to go to the jury as a question of fact. *OSEA v. Rainier School Dist. No. 13,* 311 Or 188, 808 P2d 83 (1991); *Thompson v. Bolliger, Hampton & Tarlow,* 118 Or App 700, 709, 849 P2d 526, *rev den* 317 Or 163 (1993).

There is no question but that the agreement between Aetna and Russell is ambiguous. It sets forth specific amounts Russell claims he incurred for medical services and then provides, several paragraphs later, that "the sums heretofore set forth [are] to be the sole responsibility of the carrier Aetna." Whether "the sums heretofore set forth" refers to the expenses Russell incurred, as plaintiff contends, or to some other expenses referred to in the contract, as Aetna contends, is not at all clear from the language. Therefore,

---

[1] In *Gillman,* the plaintiff sued her employer to recover unpaid sales commissions. She brought two claims, one on a theory of express contract and the other on a theory of *quantum meruit.* The defendant counterclaimed for overpayment of wages, on a theory of express contract. The trial court submitted the contract claims to the jury. When the jury returned its verdict in favor of defendant on both the first claim and the express counterclaim, the trial court set aside the verdict and found for plaintiff on the *quantum meruit* claim. We reversed, holding that because the jury had ruled in favor of the defendant on the express contract claims, it was error for the trial court to have entered judgment in favor of plaintiff on the *quantum meruit* claim. We said nothing about "deeming" for the first time on appeal a claim brought on a theory of express contract to be one brought under *quantum meruit* or any other theory.

construction of the term is a factual question, which could not properly have been taken from the jury by way of directed verdict. The trial court, therefore, did not err in denying Aetna's motion.

Aetna next assigns error to the trial court's denial of its motion to strike the testimony of an employee of plaintiff that the amounts of Russell's medical bills were reasonable. It also assigns error to the trial court's denial of Aetna's motion for a directed verdict based on the absence of any admissible testimony that the services plaintiff provided to Russell were reasonable and necessary. However, in both cases, because the jury decided this case on the basis of an express contract, testimony concerning the reasonableness or necessity of the services is irrelevant. *Grant v. Yok et al, supra*, 233 Or at 495; *see also Schade v. Muller*, 75 Or 225, 232, 146 P 144 (1915). The trial court did not err in denying Aetna's motions.

The decisions of the trial court should be affirmed. Therefore, I dissent.