WOODMAN v WALTER

Docket No. 145880. Submitted December 21, 1993, at Lansing. Decided March 7, 1994, at 9:35 A.M.

Mark Woodman brought an action in the Clinton Circuit Court against Murl M. Walter, Joyce E. Walter, and the Homeowner Construction Lien Recovery Fund, seeking enforcement of a construction lien. The court, Randy L. Tahvonen, J., granted summary disposition for the defendants, ruling that the plaintiff had failed to record a lien claim with the register of deeds within ninety days of last furnishing labor or materials, as required under MCL 570.1111(1); MSA 26.316(111)(1). The court rejected the plaintiff's contention that performance of warranty work served to extend the recording period. The plaintiff appealed.

The Court of Appeals *held:*

The ninety-day filing period commences on the date of completion of the original installation work and is not extended by the later performance of warranty work.

Affirmed.

MECHANICS' LIENS — CONSTRUCTION LIEN ACT — RECORDING OF CLAIMS — WARRANTY WORK.

To preserve rights under the Construction Lien Act, a contractor must record a lien claim with the register of deeds within ninety days of last furnishing labor or materials for an improvement; the ninety-day period commences on the date of the completion of the original installation and is not extended by the later performance of warranty work (MCL 570.1111[1]; MSA 26.316[111][1]).

*Howard & Howard* (by *Patrick D. Hanes*), for Mark Woodman.

*Oade, Stroud & Kleiman, P.C.* (by *Ted W. Stroud*), for Murl M. Walter and Joyce E. Walter.

REFERENCES

Am Jur 2d, Mechanics' Liens, §§ 167-237.

See ALR Index under Building and Construction Contracts and Work; Liens and Encumbrances; Mechanics' Liens.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Michael A. Lockman* and *Kevin Thom,* Assistant Attorneys General, for Homeowner Construction Lien Recovery Fund.

Before: SHEPHERD, P.J., and McDONALD and JANSEN, JJ.

McDONALD, J. Plaintiff appeals from an October 3, 1991, order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendants in this action to enforce a construction lien. We affirm.

The only issue to be determined on appeal is whether the ninety-day period for filing of lien claims provided in the Construction Lien Act, MCL 570.1101 *et seq.;* MSA 26.316(101) *et seq.,* may be extended by the performance of warranty work. We find that it may not.

The act provides in part:

Notwithstanding section 109 the right of a contractor, subcontractor, laborer, or supplier to a construction lien created by this act shall cease to exist unless, within 90 days after the lien claimant's last furnishing of labor or material for the improvement, pursuant to the lien claimant's contract, a claim of lien is recorded in the office of the register of deeds for each county where the real property to which the improvement was made is located. [MCL 570.1111(1); MSA 26.316(111)(1).]

The act refers to the furnishing of labor or material "for the improvement." As noted by the trial court in this case, the performance of warranty work does not constitute an "improvement." It does not confer any value beyond the value furnished at the time the initial installation work was completed. Moreover, the trial court correctly concluded extension of the filing period would

frustrate the statute's attempt to assure clear title after the passage of a reasonable period.

We therefore conclude the trial court properly granted defendants' motion for summary disposition. The ninety-day filing period commences on the date of completion of the original installation work and is not extended by the later performance of warranty work. In so holding we join the majority of other jurisdictions that have addressed this issue under lien laws similar to the Construction Lien Act. See *Viking Builders, Inc v Felices,* 391 So 2d 302 (Fla App, 1980); *P H Broughton & Sons, Inc v Mueller & Allen Realty Co, Inc,* 40 Ill App 3d 776; 353 NE2d 30 (1976); *Central Coast Electric, Inc v Mendell,* 66 Or App 42; 672 P2d 1224 (1983).

Affirmed.