STOCK BUILDING SUPPLY, LLC v PARSLEY HOMES OF
MAZUCHET HARBOR, LLC

Docket No. 294098. Submitted January 11, 2011, at Detroit. Decided
    January 25, 2011, at 9:10 a.m.

Stock Building Supply, L.L.C., brought an action in the Macomb Circuit
    Court against Parsley Homes of Mazuchet Harbor, L.L.C., and others,
    seeking a lien for foreclosure when the general contractor of a
    home-building project failed to pay for construction work done by
    Stock. Although it was not initially named as a defendant, Weimer
    Plumbing, Inc., was allowed to intervene as a plaintiff because it, too,
    had not been paid, and it also sought a lien for foreclosure. Weimer
    had contracted to install rough and finish plumbing, including
    installing bathroom and kitchen fixtures. Weimer had also performed
    repair work in May 2007 when some leaks developed while the work
    was still under warranty. The court, Peter J. Maceroni, J., found that
    Weimer had completed its construction work no later than September
    2006 and concluded that Weimer's construction lien was therefore
    invalid because it had not been timely filed and dismissed Weimer's
    lien. Weimer appealed.

        The Court of Appeals *held*:

        The Construction Lien Act, MCL 570.1101 *et seq.*, is a compre-
    hensive scheme to protect the rights of lien claimants and the rights
    of property owners. MCL 570.1111(1) provides that a construction
    lien must be filed with the register of deeds within 90 days after the
    lien claimant's last furnishing of labor or material for the improve-
    ment. An "improvement" is work that confers value beyond the value
    furnished at the time the initial installation work was completed. It
    does not include the performance of warranty work to correct
    deficiencies in work performed or defects in fixtures installed by the
    contractor. The distinguishing factor between a repair constituting
    an improvement to the real property and warranty work is whether
    the work in question conferred any value beyond the value furnished
    by the completion of the original work. Only an improvement
    commences a new 90-day filing period. Weimer's May 2007 repair
    work did not confer any value beyond the value furnished at the time
    the initial installation work was completed, was not an addition to the
    original agreement, and was not it in furtherance of the original

agreement. It merely provided that which was originally contracted for: fully and properly functioning plumbing fixtures in a new house. The 90-day filing period provided by MCL 570.1111(1) commences when the claimant's work is completed, regardless of when or whether the work was inspected or paid for. To commence the filing period, work must constitute an improvement and be done in good faith; warranty work done in good faith is insufficient to start a new filing period. The trial court did not err by concluding that the work in May 2007 was not an improvement under the statutory definition and that the time period for filing a lien began running no later than September 2006 and had expired long before Weimer sought to file it.

Affirmed.

LIENS — CONSTRUCTION LIENS — FILING PERIOD — COMMENCEMENT.

Under the Construction Lien Act, a construction lien must be filed with the register of deeds within 90 days after the lien claimant's last furnishing of labor or material for the improvement; an "improvement" is work that confers value beyond the value furnished at the time the initial installation work was completed; it does not include the performance of warranty work to correct deficiencies in work performed or defects in fixtures installed by the contractor; the distinguishing factor between a repair constituting an improvement to the real property and warranty work is whether the work in question conferred any value beyond the value furnished by the completion of the original work (MCL 570.1104[5], 570.1111[1]).

*Ronald J. Gricius, P.C.* (by *Jeffrey W. Rentschler*), for Weimer Plumbing, Inc.

Before: O'CONNELL, P.J., and SAAD and BECKERING, JJ.

BECKERING, J. Intervening plaintiff Weimer Plumbing, Inc., appeals as of right the trial court's order dismissing its construction lien on lot 47 Mazuchet Harbor, commonly known as 39836 Mazuchet Drive, Harrison Township (lot 47), as invalid. We affirm.

I

This action arises from plumbing work Weimer performed on lot 47 for which it was not paid. Weimer is

seeking priority of its construction lien over the interests of Stock Building Supply, L.L.C., which filed the initial complaint in this case after defendant Dwight E. Parsley and six companies he created failed to pay multiple subcontractors for work performed on various new residential real properties that were being built for sale throughout Macomb County.

In August 2005, Weimer submitted a plumbing proposal for lot 47 to Parsley Homes of Mazuchet Harbor (the general contractor) for the rough and finish plumbing for the unit. Weimer's proposal was accepted, and Weimer obtained a permit for plumbing work at lot 47 on August 29, 2005. Weimer performed underground and rough plumbing work on August 31, 2005, and received payment for these services. Weimer performed finish plumbing work at lot 47 on August 4, 2006, or September 29, 2006, or both dates. According to the plumbing selection sheet for lot 47, Weimer's finish work included installing the kitchen sink, garbage disposal, and faucet, one standard bathtub with shower and faucet, one whirlpool bathtub with shower and faucet, three toilets, four bathroom sinks with faucets, a hot water heater, a laundry tub, and a laundry water box. On August 5, 2006, Weimer sent its final invoice to the general contractor.

On December 20, 2006, Weimer repaired a leak at the kitchen sink. Then, after a sales agent noticed water on the floor in one of the home's bathrooms, Weimer repaired a small leak in the whirlpool tub and replaced the ball and cock assembly of a toilet on May 29, 2007. Weimer identified this work in its answers to discovery requests as "Warranty Service Calls." There is no evidence that Weimer sent an invoice for its repair work.

On July 27, 2007, Stock filed the initial complaint in this case, which included a count seeking a lien for

foreclosure on lot 47, but it did not name Weimer as a defendant. On August 23, 2007, Weimer filed its claim of lien on lot 47 for $9,646. On October 22, 2007, Stock obtained a default judgment against the general contractor for failure to plead or otherwise defend. Subsequently, on November 5, 2007, the parties stipulated allowing Weimer to file a complaint as an intervening plaintiff, file cross-complaints, and add defendants. Weimer's complaint included a count seeking a lien for foreclosure on lot 47. As of October 24, 2008, the parties agreed that Stock had obtained a sheriff's deed and that the redemption period was over, making Stock the current owner of lot 47.

With respect to Weimer's foreclosure lien on lot 47, the trial court found that Weimer had completed its construction work in either August 2006 or September 2006. Accordingly, the court ruled that Weimer's construction lien was invalid because it was not filed within 90 days of its completion of the original installation work.

II

On appeal, Weimer argues that, contrary to the trial court's ruling, its May 29, 2007, repair work constituted an "improvement" under the Construction Lien Act, MCL 570.1101 *et seq.*, and, therefore, it had 90 days from that date to file its lien. Accordingly, Weimer asserts that the filing of its lien on August 23, 2007, was timely. We disagree.

Questions regarding the interpretation and application of statutes, including the Construction Lien Act, are reviewed de novo on appeal. *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 372; 652 NW2d 474 (2002). The Construction Lien Act is a remedial statute that sets forth a comprehensive

scheme aimed at protecting "the rights of lien claimants to payment for expenses and . . . the rights of property owners from paying twice for these expenses." *Id*. at 373-374. It is to be liberally construed "to secure the beneficial results, intents, and purposes" of the act. MCL 570.1302(1).

Section 111(1) of the Construction Lien Act, MCL 570.1111(1), *et seq.*, provides:

> [N]otwithstanding [MCL 570.1109], the right of a contractor, subcontractor, laborer, or supplier to a construction lien created by this act shall cease to exist unless, *within 90 days after the lien claimant's last furnishing of labor or material for the improvement, pursuant to the lien claimant's contract, a claim of lien is recorded* in the office of the register of deeds for each county where the real property to which the improvement was made is located. A claim of lien shall be valid only as to the real property described in the claim of lien and located within the county where the claim of lien has been recorded. [Emphasis added.]

The Construction Lien Act defines an "improvement" as

> the result of labor or material provided by a contractor, subcontractor, supplier, or laborer, including, but not limited to, surveying, engineering and architectural planning, construction management, clearing, demolishing, excavating, filling, building, erecting, constructing, altering, repairing, ornamenting, landscaping, paving, leasing equipment, or installing or affixing a fixture or material, pursuant to a contract. [MCL 570.1104(5).]

According to MCL 570.1111(1) and MCL 570.1104(5), a repair completed pursuant to a contract is an improvement, and the last furnishing of an improvement commences the 90-day filing period. Thus, for example, when a contractor is specifically hired to repair an aspect of the property, such as a nonworking door or a leaky roof, that contractor is making an improvement to

the property for which the contractor is entitled to claim a lien. However, as this Court held in *Woodman v Walter*, 204 Mich App 68, 69; 514 NW2d 190 (1994), the performance of "warranty work" to correct deficiencies in work performed or defects in fixtures installed by the contractor does not constitute an improvement under the Construction Lien Act because "[i]t does not confer any value beyond the value furnished at the time the initial installation work was completed." Therefore, in such situations, "[t]he ninety-day filing period commences on the date of completion of the original installation work and is not extended by the later performance of warranty work." *Id.* at 70. The distinguishing factor between a repair constituting an improvement to the real property, which allows for the commencement of the 90-day filing period, and warranty work, which does not allow for the commencement of a new 90-day filing period, is whether the work in question conferred any value beyond the value furnished by the completion of the original work.

Under its contract, Weimer was to furnish rough and finish plumbing for the home being constructed on lot 47. As previously noted, this included installing the kitchen sink, garbage disposal, and faucet, a standard bathtub with shower and faucet, a whirlpool bathtub with shower and faucet, three toilets, four bathroom sinks with faucets, a hot-water heater, a laundry tub, and a laundry water box. The record shows that Weimer's finish plumbing work was completed by September 29, 2006. Therefore, as of that date, the home at lot 47 had been improved with these presumably fully functioning fixtures.

Weimer returned to lot 47 on December 20, 2006, to repair a leak at the kitchen sink. Then, on May 29, 2007, Weimer returned again to fix a leak on the

whirlpool tub and to change the ball and cock assembly on the bathroom toilet, which it described as a "Warranty Service Call." Weimer contends that its subsequent work was done at the request of the builder and that it did not concoct the work merely to extend the lien filing time. Weimer also indicates that subcontractors are expected to make these kinds of repairs when requested by the general contractor.

Weimer's May 2007 repair work did not "confer any value beyond the value furnished at the time the initial installation work was completed." *Woodman*, 204 Mich App at 69. The May 2007 work was not an addition to the original agreement, nor was it in furtherance of the original agreement. Rather, it was performed because the original work had minor deficiencies that needed to be corrected. Weimer suggests that its service work conferred a benefit on the general contractor by providing functional indoor plumbing for the new homeowner and, thus, that this work qualified as an improvement under the Construction Lien Act. However, Weimer's May 2007 repair work did not add any value to the original contract because it merely provided that which was originally contracted for—namely, fully and properly functioning plumbing fixtures in a new house. Presumably, but for the general contractor calling Weimer because of minor deficiencies in its work, Weimer would never have provided service to lot 47 in May 2007 because it had completed its finish plumbing work by September 2006.

Additionally, Weimer's suggestion that the original contract was not completed because the general contractor never inspected the plumbing work or paid Weimer is misplaced. The correct inquiry to determine when the 90-day filing period commences is when the work is completed, not when the work is inspected or

paid for. See MCL 570.1111(1); MCL 570.1104(5); *Woodman*, 204 Mich App at 69-70. Weimer's work in May 2007 was warranty work, and pursuant to *Woodman*, it did not allow a new 90-day filing period to commence. Weimer's 90-day period for filing its lien for plumbing work performed on lot 47 commenced by September 29, 2006. Weimer did not file its lien until August 23, 2007. Plainly, Weimer's lien was untimely and, therefore, invalid. Consequently, the trial court properly dismissed Weimer's lien on lot 47.

Weimer also relies on *J Propes Electric Co v DeWitt-Newton, Inc*, 97 Mich App 295, 300; 293 NW2d 801 (1980), for the proposition that the correct inquiry here is whether the subsequent work was done in good-faith performance to complete the contract or merely as an opportunity to revive an untimely claim of lien. However, Weimer's reliance on *J Propes* is misplaced. At issue in *J Propes* was whether "assorted electrical services . . . and . . . general clean-up work" provided by the electrical subcontractor at the request of the general contractor approximately two months after the electrical contractor had substantially completed its contracted-for work on the project started the 90-day period for filing a lien. *Id.* at 298. This Court concluded that the trial court did not err by concluding that the 90-day period commenced on the date the follow-up repair work was performed. This Court observed that the work was needed after the construction project was secured for the winter and that it was part of the electrical contractor's contract for services. *Id.* at 298, 300. As previously discussed, however, Weimer completed its contract with the general contractor in September 2006. The work Weimer returned to perform in May 2007 was not part of its contract. Rather, it was work necessitated by defects in the fixtures installed or deficiencies in the initial installation work performed

by Weimer. Therefore, under *Woodman*, the correct inquiry is whether the May 2007 work constituted an improvement to the property or was warranty work. See MCL 570.1111(1); MCL 570.1104(5); *Woodman*, 204 Mich App at 69-70. For the reasons set forth earlier, the trial court correctly determined that the May 2007 work performed by Weimer was warranty work. Therefore, the trial court did not err by determining that Weimer's lien on lot 47 was invalid.

Finally, to the extent that Weimer's brief to this Court might be read to suggest that this Court could apply the substantial-compliance provision set forth in MCL 570.1302(1)[1] to Weimer's claim of lien, the Construction Lien Act's 90-day filing requirement for claims of lien is not subject to a substantial-compliance interpretation. *Central Ceiling & Partition, Inc v Dep't of Commerce*, 249 Mich App 438, 445; 642 NW2d 397 (2002). Rather, "[t]he ninety-day deadline means precisely ninety days." *Id.*

Affirmed.

---

[1] MCL 570.1302 (1) provides:

    [T]his act is declared to be a remedial statute, and shall be liberally construed to secure the beneficial results, intents, and purposes of this act. Substantial compliance with the provisions of this act shall be sufficient for the validity of the construction liens provided for in this act, and to give jurisdiction to the court to enforce them.